East Tennessee & Western North Carolina Railroad Company *v.* Collins.

EAST TENNESSEE & WESTERN NORTH CAROLINA RAILROAD COMPANY *v.* COLLINS.

(*Knoxville.*    October 30th, 1886.)

1. MASTER AND SERVANT. *Railroad engineer. Brakeman. Fellow-servant doctrine.*

   An engineer in charge of the train of a railroad company is the *superior*—not the *fellow-servant*—of a brakeman on the same train acting under his orders.

   Case cited and distinguished: Railroad Co. *v.* Wheless, 10 Lea, 741.

2. SAME. *Negligence. Pleading and evidence. Variance.*

   Where the brakeman sues the company for injuries which he avers were sustained by reason of the negligence of the engineer acting as his *superior*, there can be no recovery for want of pleading, upon proof of injuries inflicted upon the plaintiff by the engineer as his negligent *fellow-servant*.

   Case cited and approved: Erwin *v.* Davenport, 9 Heis., 49.

3. SAME. *Same. Same. Same. Charge misleading.*

   Consequently, the admission in such case of evidence to show that the engineer was a negligent *fellow-servant* of the brakeman, accompanied by a charge of the law upon that subject, was misleading and erroneous.

---

FROM CARTER.

---

Appeal in error from the Circuit Court of Carter County. NEWTON HACKER, J.

N. M. TAYLOR and ROBERT BURROW for Railroad Company.

THOS. CURTIN for Collins.

SNODGRASS, J.    Collins sued the defendant in error for $5,000 damages for injuries received by him while in the service of the company, engaged in coupling cars, on the 18th of August, 1883.

He obtained a verdict and judgment for $700, and the company appealed in error.

The negligence averred in the declaration, was that of the engineer in recklessly, unskillfully, suddenly, and neglectfully backing one car against another while plaintiff was engaged in coupling the two, in consequence of which plaintiff's left hand was caught and mashed, and two of his fingers lost, and the engineer so negligently causing said injury was averred to be plaintiff's superior.

The issue was not guilty.

Various errors are assigned, one of which it is not necessary to notice—the want of evidence to sustain the verdict—because there is to be a new trial; and another of which it is for this reason necessary to determine, to avoid any further controversy over it in the case; that is, the objection there and here urged, that the engineer was the fellow-servant of plaintiff, and the company not, therefore, liable for injuries inflicted by his negligence, and for this the case of *Nashville, Chattanooga & St. Louis Railroad Company* v. *Wheeless*, 10 Lea, 741, is cited as authority.

The case is not only not authority for such position, but is directly contrary. The facts in that case were that the conductor, who was in control of the train, and who was the common

superior of both the engineer and the brakeman, had given orders that the train be coupled up, and gone into the depot to attend to other business.

In obeying his orders the engineer and brakeman were acting when the accident occurred, and they were clearly fellow-servants, at that time engaged in a common employment, under a common superior, and the company not liable to either for injury occasioned by the negligence of the other.

But it is expressly said in that case (and the reasoning and obvious propriety of the rule makes the expression unnecessary), that "of course, in some cases, a railroad company may be held liable to a brakeman for the negligence of an engineer, as where the former is, *in fact*, acting under the orders of the latter. We do not mean to hold that the relation of superior or inferior *may not*, in some cases, exist between them—only that it *did not*, in this case, so far as the record shows."

Upon its facts the Wheeless case was manifestly right, and to the facts of this case it clearly has no application.

The engineer was in charge of the train and all the servants upon it. Whatever they did was under his orders, and he was the superior of plaintiff, as averred.

But the Circuit Judge permitted plaintiff to prove by the engineer, over objection of defendant, that the engineer had been suspended, subsequent to this accident, by the East Tennessee, Vir-

ginia & Georgia Railroad Company for want of skill and care; that is, "for running ahead of time."

Then he charged the jury as to the effect of the company's associating plaintiff with another servant wanting in skill, knowingly employed and kept in its service, and told the jury it was the duty of the company not to expose servants to risk by associating him with another wanting in ordinary skill and care; and, again, that plaintiff could not recover for an injury inflicted by the negligence of a fellow - servant, unless the proof should show that defendant failed to exercise the proper care and diligence in the selection of such servant, by whom the injury was inflicted."

The admission of this evidence, and the giving of the charge stated, were erroneous.

The plaintiff had no suit for recovery in consequence of injuries inflicted by a fellow-servant, within the meaning of the charge, and if the injuries inflicted had been done by a fellow-servant (not for the time being his superior), plaintiff was not entitled to recover at all, whether such servant was employed and retained without care.

The plaintiff's action was to recover for negligence of a servant averred to be his superior, and under the declaration he could not recover unless upon the facts averred.

He could not recover for injuries inflicted by a fellow-servant selected without care, and retained by the company with knowledge of unfitness, unless

East Tennessee & Western North Carolina Railroad Company *v.* Collins.

the plaintiff's declaration made such a case. *Erwin* v. *Davenport*, 9 Heis., 49.

As the declaration stated no such cause of action, the charge referred to is erroneous and misleading.

. The incompetent evidence introduced may have led the jury to believe the engineer did not have proper skill and care, and, upon the charge, the jury may have thought it was required to pass upon that question, in connection with the theory of fellow-servant liability as stated, with which, as herein shown, the Court and jury in this case had nothing to do.

The law charged by the Court was, in the abstract, perhaps correct, but it was not the law of this case, and of course each case must be determined upon the law applicable to its own facts.

Reverse the judgment and remand the case for a new trial. Defendant in error will pay the cost of appeal.