McDowell *v.* Murfreesboro.

McDowell *v.* Murfreesboro.

(*Nashville.* January 10, 1900.)

MUNICIPAL CORPORATIONS. *Sunday ordinance.*

It is a violation of a city ordinance forbidding the sale of goods, wares, and merchandise on Sunday, for a grocer and butcher to convey from his store to the homes of his customers, by means of a delivery wagon, goods that had been purchased, taken out of the general stock, wrapped up, set aside, and charged to customers on Saturday night. The sale was not complete until the delivery at the homes of the customers.

Case cited: McKinney *v.* Nashville, 96 Tenn., 79.

FROM RUTHERFORD.

Appeal in error from Circuit Court of Rutherford County. W. C. HOUSTON, J.

J. R. JETTON for McDowell.

GEO. F. CRANOR for Murfreesboro.

WILKES, J. Defendant McDowell was convicted of violating an ordinance of the city of Murfreesboro. He was fined by the City Recorder, and, on appeal to the Circuit Court, the judgment of the Recorder was affirmed, and defendant has appealed to this Court, and assigned errors.

The ordinance claimed to have been violated prohibits the keeping open of any business house for the purpose of selling goods, wares, and merchandise, and the sale of any goods, wares, and merchandise on the Sabbath, making exceptions in favor of drug stores, undertakers' establishments, restaurants and lunch counters, ice establishments, livery stables, butcher shops until 8 A.M. for sale of fresh meats, and some other occupations not necessary to mention.

It was agreed that defendant was engaged in the family grocery and butchers' business, and on Saturday night, September 23, 1899, sold a bill of groceries to Mr. Cawthon. The articles were taken out of stock, wrapped up, set aside, and charged to Cawthon, and he took some of them home with him, and left the remainder to be sent to his house by the defendant, who kept a wagon, and, on extra occasions, a buggy also, to make deliveries of goods sold. Defendant did not find time on Saturday night to deliver the articles, and kept them all night. He placed them in his wagon the next morning to be delivered to the purchaser. He was thereupon arrested. At the same time. groceries sold to the Jordan Hotel, which were set apart and charged up the previous night, were placed in the buggy, to be delivered at the hotel. The case was heard before the Court below without a jury, and defendant was found guilty.

It is evident that defendant can be held guilty and the judgment sustained alone upon the ground that the goods were sold on Sunday. The ordinance does not prohibit the delivery in express terms, and it is only upon the theory that delivery of the goods was essential to their sale that the judgment can be supported.

We are of the opinion that the sale of the goods was not completed, nor intended to be so, until they were delivered at Cawthon's house in the one instance, and at the Jordan Hotel in the other.

It was contemplated that they should be so delivered, and it was so understood. The title did not pass, and the sale was not executed, until deliveries were made. If the goods had been destroyed by fire before delivery, or had never been delivered, the loss must have fallen upon the seller, so that the sale was not completed until Sunday morning, and this was in violation of the letter of the ordinance. The delivery of the goods on the Sabbath was also within the spirit of the ordinance, which was designed to prevent the carrying on of business in an open manner before the public on the Sabbath day. If we should hold a contrary view, any merchant who was pressed for time, or with a rush of business, might separate and mark purchases on the night of Saturday, and delay delivery until the next day, and thus spend the Sabbath in winding up the busi-

McDowell *v.* Murfreesboro.

ness of the week or day preceding. This would be unlawful. See *McKinney* v. *Nashville,* 12 Pick., 79.

We are of opinion there was a violation of the ordinance, both in letter and spirit, and the judgment of the Court below is affirmed with costs.

The articles bought did not fall within the excepted list of fresh meats, ice, etc., specified in the ordinance.