BEOPPLE v. RAILROAD.

*(Jackson. April 14, 1900.)*

1. DECLARATION. *For personal injury sufficiently states proximate cause, when.*

It is sufficiently averred that defendant's act was the proximate cause of the plaintiff's injury, where it is stated, in the declaration, that "plaintiff's rightful passage over a public crossing, and his needful view of the defendant's line of [rail]road at and near that point, were wrongfully and unlawfully obstructed by one of its [defendant's] trains; that he was, by that obstruction and the [train] conductor's frequent promises to remove it, detained and kept in the public highway near the crossing, with his team of horses, for nearly an hour; that while so detained and kept, another train of the defendant, without the usual and requisite notice, and when he could not see its approach, came up suddenly behind the first train and to the crossing, and there, by great and unnecessary noise, from a concealed position, caused the plaintiff's horses to run away, and inflict upon his person serious injuries." *(Post, pp. 422-426.)*

2. SAME. *Same.*

The acts of the defendant company must be held the proximate cause of plaintiff's injuries, where one of its trains unlawfully detained him, with his wagon and team, by obstructing a public crossing, while another train approached and unlawfully frightened his horses, by making unusual and unnecessary noise, and causing them to run away, thereby injuring him, although it may be apparent that the acts attributed to either train would not have been alone adequate to cause the plaintiff's injuries. If two acts, or forces, concur as proximate cause in producing an injury, the defendant, if responsible for either of them, and it is unlawful, is liable for the resulting damages. *A fortiori* he is liable if responsible for both. *(Post, pp. 426-429.)*

Cases cited: Postal Tel., etc., Co. v. Zopfi, 93 Tenn., 369; Railroad v. Kelley, 91 Tenn., 699; Electric Railway Co. v. Shelton, 89 Tenn., 423.

Beopple *v.* Railroad.

3. SAME. *Same.*

The averment that the defendant company's train negligently and wrongfully frightened plaintiff's horses, and caused them to run away and injure him by making "great and unnecessary noise" at a crossing, imputes to the defendant company something more than the usual and ordinary blowing of the whistle for a public crossing. (*Post, p. 430.*)

4. SAME. *Same.*

It is not essential to aver that the whistling of a train was "needlessly, wantonly, and wrongfully" done, in order to render the defendant company liable for injury resulting therefrom. An averment that defendant wrongfully caused great and unnecessary noise at a crossing, that caused the injury, is sufficient. (*Post, pp. 430, 431.*)

5. SAME. *Same.*

A general averment, in a declaration in an action for personal injuries, that defendant's act, without describing that act, was the proximate cause of plaintiff's injuries, is an averment of a conclusion of law, and is not either sufficient or conclusive on demurrer. There must be averment of specific facts reasonably indicating that the negligence imputed to defendant was the proximate cause of plaintiff's injuries. (*Post, pp. 424, 425.*)

Case cited: Garland *v.* Aurin, 103 Tenn.

6. NUISANCE. *Action lies for special injury caused by.*

A railroad company is liable civilly for any special injury to a private party that results proximately from its unlawful obstruction of a public highway, although it may be also indictable for such obstruction as for a public nuisance. (*Post, p. 430.*)

---

FROM GIBSON.

---

Appeal in error from Circuit Court of Gibson County. JNO. R. BOND, J.

Beopple *v.* Railroad.

DEASON & RANKIN for Beopple.

J. P. RHODES for Railroad.

CALDWELL, J. John Beopple prosecutes this appeal in error from a judgment sustaining a demurrer to his declaration and dismissing his suit against the Illinois Central Railroad Company for injuries inflicted upon his person.

The substance of the averments of the declaration is, that the plaintiff, while traveling upon a public road in a "two-horse wagon," came to Cades Station, in Gibson County, and there found one of the defendant's long freight trains standing upon a side track, and obstructing his way over the public crossing; that, being unable to continue his journey on account of the obstruction, he stopped his team in the highway near the crossing, and, after waiting there "several minutes" in the vain hope that the train would pass on, requested the conductor to have it moved from the crossing so that he might proceed on his way; that the conductor promised to comply with the request "in a few minutes," but did not do so; that the request was repeated several times, and compliance as often promised; that when plaintiff had been waiting in that position "for nearly an hour" in reliance upon the conductor's repeated promises to have the way cleared for his passage, and while the standing cars obstructed not only his way over the crossing, but also his line of

Beopple *v.* Railroad.

vision from the main track beyond, for some distance to the right and to the left, another train of the defendant, "without warning and without sounding the whistle or ringing the bell, suddenly ran up along and upon said main track on the opposite side of said freight train from plaintiff; and when said other train was at a point opposite to the plaintiff, and as the same was passing said road crossing, the engine of said second train whistled sharply and shrilly and made great and unnecessary noise;" that "the second train came up so suddenly" that he could not turn and remove his horses but barely had time to jump from his wagon and run to their heads, as he did with a view to their better control, before the said whistling and noise so frightened them that they became uncontrollable, and, despite his efforts to hold them, "whirled around," turned the wagon over, and ran away, throwing him "with great violence against a barbed wire fence and to the ground," thereby greatly injuring him in his chin, head, breast, and back; that the defendant was guilty of negligence, violated the statute and created a public nuisance by so obstructing the public crossing, such negligence being twofold as to the plaintiff, in that the obstruction wrongfully detained him and at the same time cut off his view of the second train; that the defendant was guilty of further negligence in allowing the second train to so run up to said station and cross

said road without warning, and in allowing the engineer or other servant upon said engine to sound said whistle at the time and in the manner stated; and, finally, that such negligent, wrongful, and unlawful acts of the defendant, directly and proximately, caused the injuries to the plaintiff's person.

The five assignments of demurrer contain but four grounds of objection, namely: (1) That the facts stated in the declaration do not show that the defendant's alleged negligence was the proximate cause of the injuries sued for; (2) that the averred creation of a public nuisance by the first train gives the plaintiff no right of private action; (3) that the whistling of the second train, being at a public crossing, was required by statute, and therefore does not subject the defendant to damages; and (4) that to be actionable the whistling must have been "needlessly, wantonly, and wrongfully done," which is not averred.

The first objection, it will be observed, is a challenge to the whole declaration, a denial that the negligence imputed to the defendant was the proximate cause of the plaintiff's injuries.

It is well to say, preliminarily, that the plaintiff need not have averred in terms, as he did, that the negligence attributed to the defendant was the proximate cause of his injuries (*Garland v. Aurin,* 103 Tenn.), and that such averment,

Beopple *v.* Railroad.

being the statement of a conclusion rather than of a fact, did not preclude the defendant from disputing by demurrer, as it did, that the facts averred by the plaintiff disclosed proximate negligence on the part of the defendant.

It is a maxim, almost universal, that the law takes notice of the proximate and not of the remote cause of an injury in fixing liability therefor, and that proximate and not remote negligence is actionable. It was essential, therefore, that the plaintiff, to present a good cause of action, should aver facts reasonably indicating that the negligence imputed to the defendant was the proximate cause of his injuries; and the inquiry for the Court, under the first ground of demurrer, is, whether the facts averred are sufficient for that purpose.

In answering this inquiry a brief statement of the salient facts averred and our conclusion in regard to them will be given, without any formal tracing of the somewhat indistinct line of demarcation between proximate cause and remote cause, or the definition of either phrase.

Reduced to their last analysis and interpreted in their proper relation to each other, the decisive averments of the declaration are that the plaintiff's rightful passage over a public crossing and his needful view of the defendant's line of road at and near that point were wrongfully and unlawfully obstructed by one of its trains; that

he was, by that obstruction and the conductor's frequent promises to remove it, detained and kept in the public highway near the crossing, with his team of horses, for nearly an hour; that while so detained and kept, another train of the defendant, without the usual and requisite notice, and when he could not see its approach, came up suddenly behind the first train and to the crossing, and there, by great and unnecessary noise, from a concealed position, caused the plaintiff's horses to run away and inflict upon his person serious injuries.

These averments, this Court thinks, present a clear case of proximate negligence on the part of the defendant and disclose a good cause of action for the plaintiff. It is morally certain that he would not have been injured but for that negligence.

It may be that no single wrong imputed to the defendant, separately considered, was sufficient to produce the plaintiff's injuries, but all of them, considered together, were undoubtedly so; and the concession that no one of them by itself would have had that effect, does not preclude the idea that each of them may have been a proximate cause.

The wrongful and unlawful acts averred in connection with the first train might not, alone, have injured the plaintiff, and those averred in relation to the second train might not, alone, have

injured him; nevertheless it is obvious that the acts averred as to each train contributed proximately to that result, those as to the former by detaining him until the arrival of the latter, and those of the latter by frightening his horses while detained by the former.

The plaintiff makes his case doubly strong in averment by imputing concurrent acts of proximate negligence to each of two trains, both of which were being operated by the defendant. The imputation would have been sufficient if but one of the trains had been in charge of the defendant and it had been free from fault as to the other one.

"It is universally agreed that if the damage is caused by the concurring force of the defendant's negligence and some other cause for which he is not responsible, including the act of God, or superior human force directly intervening, the defendant is nevertheless responsible if his negligence is one of the proximate causes of the damage." Shear. & Red. on Neg., Sec. 39; 2 Thomp. Neg., 1085, 1087; 16 Am. & Eng. Enc. L., 440, 441; *Campbell* v. *Stillwater,* 32 Minn., 308; *Sellick* v. *L. S. & M. S. R. Co.,* 18 L. R. A., 154. This doctrine is illustrated and applied in numerous dicisions of this Court; notably in *Postal Telegraph-Cable Co.,* v. *Zopfi,* 93 Tenn., 369, where the defendant's negligence in leaving a telegraph pole in a passway, in connection with rain

upon the ground, caused the plaintiff's daughter to slip and fall; and in *Railroad* v. *Kelly,* 91 Tenn., 699, where negligent detention of the plaintiff's goods by the defendant exposed them to destruction by a fire for which the defendant was not responsible.

In instances where the wrongful acts of two or more persons concur as proximate causes of an injury, the wrongdoers are liable jointly or separately, and the fault of one is no defense for the other or others. 2 Thomp. Neg., 1088; *Electric Railway Co.* v. *Sheldon,* 89 Tenn., 423; 17 L. R. A., 35, note 2; 40 L. R. A., 804, brief; 16 Am. & Eng. Enc. L., 443.

Facts very similar to those averred by the present plaintiff were disclosed in a case twice before the Supreme Court of Michigan.

There, as here, the defendant had two trains. The first one illegally obstructed the plaintiff's passage upon the public highway and the second one, in passing, was so managed as to frighten his team of horses and cause them to run away and injure him. Though alleging the defendant's wrong as to both trains, the plaintiff at first complained of the second one only as the cause of his injury, and recited the first one by way of inducement or explanation. At the trial the plaintiff failed to give any evidence as to the wrong to which he in the declaration attributed his injury, and on appeal a reversal was had on account of

erroneous instructions by the trial Judge, to the effect that a verdict might be rested upon the other wrong. Judge Cooley, in delivering the opinion of the Supreme Court, said: "These instructions were erroneous. The plaintiff had not by his declaration attributed his injury to the alleged detention, and if he had, it would have been idle, for the particular injury of which he complained, namely, the fright and running away of his horses, could not have flowed from that detention as a proximate cause." *Sellick* v. *L. S. & M. S. Ry. Co.,* 58 Mich., 195. Upon the remand of the case the plaintiff so amended his declaration as, by proper averment, to attribute his injury to the wrongs of both trains as concurring causes thereof. The plaintiff obtained a second judgment, and the Supreme Court, in affirming it, ruled that the illegal obstruction by the first train and the careless management of the second one might well be treated as concurrent causes in proximately producing the plaintiff's injury. On the second appeal it was urged by the defendant that the former opinion in the case precluded the plaintiff from insisting that the obstruction by the first train could have been a proximate cause of his injury, but that insistence was refuted by the Court, and the former opinion shown to have been given only with reference to the averments of the declaration as then framed. *Sellick* v. *L. S. & M. S. Ry. Co.,* 18 L. R. A., 154.

The second objection to the declaration in the present case is not well made, first, because it goes to the single immaterial averment that the obstruction caused by the first train was a public nuisance, and, secondly, because other averments show special damage to the plaintiff, and thereby disclose a good cause of private action in his favor, notwithstanding, and in addition to, the right of the public, or the State, to arraign the defendant upon a criminal indictment for the creation of a public nuisance.

The third objection is not well made, in that it assumes that the defendant's second train is averred to have sounded its whistle only to the extent and in the manner required by statute, when, in reality, the averment is not simply that the whistle was sounded when the second train arrived at the crossing, but that, in addition thereto, "great and unnecessary noise" was made.

So far as the matter of whistling or noise is concerned, it is the excess thereof that is imputed to the defendant as wrongful and negligent, and to the extent that such excess may have been a proximate cause of the plaintiff's injuries, it affords him a good ground of action.

The fourth and last objection made by the demurrer is, that the declaration is bad, because it failed to aver that the whistling of the second train was "needlessly, wantonly, and wrongfully" done.

Beopple *v.* Railroad.

The failure here assumed really occurred in part only. There is a direct averment that the second train was "wrongfully" managed, and the other averment, that it made "unnecessary noise," is equivalent to saying the noise was "needlessly" made.

The word "wantonly," however, does not occur in the declaration, nor is any word of similar import there employed. But the absence of an averment that those in charge of the engine "wantonly" sounded the whistle, detracts nothing from the strength of the case actually averred. On the contrary, the plaintiff's right of action is more obvious without such averment than it would be with it.

All the authorities agree that a railroad company, like any other principal, is responsible for the acts of its agent that are merely negligent, but many, and perhaps the majority, deny its responsibility for the agent's wrongs wantonly inflicted.

Upon exceptional grounds this Court, in *Railroad* v. *Starnes,* 9 Heis., 52, held the company liable for injuries caused by the wanton use of the whistle on one of its engines.

Reverse and remand.