## THE NASHVILLE, CHATTANOOGA & ST. LOUIS RAILWAY v. DAVE WHITT.

Eastern Section. February 26, 1927.

Petition for Certiorari denied by Supreme Court, May 7, 1927.

1. **Negligence. Pleading. Specific allegations of negligence in plaintiff's petition are binding.**

Where plaintiff pleaded negligence generally and then in another paragraph pleaded certain acts which were relied on as negligent, held that he was bound to recover, if at all, upon the specified acts pleaded.

2. **Pleading,** A litigant can not allege one set of facts and recover upon another.

In an action to recover damages for injuries sustained from the wrecking of a section hand's car where it was pleaded that the car was wrecked because of the bad condition of the track and evidence showed that it was wrecked because of a piece of brick being on the track, held that the plaintiff could not recover.

3. **Trial.** Where injury is alleged to be the result of several acts of negligence, proof of one will not sustain a verdict.

Where the injury upon which the suit for damages is based is alleged to be the result of several acts of negligence, no one of which, however, is charged to have caused it alone, proof of a single one of the acts will not suffice.

Appeal in Error from Circuit Court, Hamilton County; Hon. Oscar Yarnell, Judge.

Reversed and dismissed.

Fitzgerald Hall, of Nashville, and Brown & Spurlock, of Chattanooga, for plaintiff in error.

T. D. Fletcher, of Chattanooga, and P. H. Thach, of Chattanooga, for defendant in error.

SNODGRASS, J. This is an action for damages for personal injuries resulting to defendant in error by being thrown from a flat car belonging to plaintiff in error, and which was being pushed along its tracks by the agents of plaintiff in error, when it was derailed at a crossing of another railroad track.

Defendant in error was a section hand employed by the plaintiff in error, and with the others of the crew, in charge of the foreman operating the car that was pushing, was returning to their headquarters after completing the day's work at the place where they had been employed. They had stopped work about 3:40 o'clock, working a few minutes later to finish up a job. The motor car was placed ahead of the dump or flat car going out on the main line, but after they got out on the main line and returning to Alton Park the flat car was being pushed ahead of the motor car. There was ample room on the motor car for the defendant in error, but as they were in the habit of pushing the car rather than cranking it to start its own propelling power, they did so on this occasion, and without being requested to, as alleged in the declaration, the defendant in error voluntarily took his seat on the side front of the flat car thus being propelled, with his legs dangling over the side. However, the place where he was pushing was not more than five feet away from Mr. Steele, the foreman, who, as stated was operating the three speed gasoline engine that was pushing. Others of the crew took places on the motor car. There was no brake on the flat car, but there was on the motor car, which was the de-

pendence for its control. It was about three miles to Alton Park from the point where they quit work at the Walsh & Weidener place on the spur track. Defendant in error testified that it was about three-quarters of a mile from this point to the crossing where the accident occurred. He stated on original examination that they were running from twenty to twenty-five miles an hour when the accident occurred, but on cross-examination he stated that he guessed they were running eighteen miles an hour. This testimony is criticized as self-destructive, and it is insisted that if the Tennessee rule were controlling it would have to be disregarded, under the authority of Johnson v. Railway, 146 Tenn. 135-158, (240 S. W. 429) but we think the jury was authorized to regard the latter statement as somewhat in the nature of a reconsideration of his minimum estimate of twenty miles an hour, not necessarily affording evidence of reckless depravity. There was proof by other witnesses that the car was not making over ten miles an hour, and a controversy also as to whether or not the distance the motor car was found on the track beyond the place of the accident was to be accounted for by a momentum evidencing a corroboration of defendant in error's contention of eighteen miles an hour, or whether it had stopped sooner and was thence removed further along by the voluntary action of the servants of the plaintiff in error. At any rate the defendant in error was thrown by the derailment of the flat car and severely injured. He was hurt in the left side, his collar-bone was broken, his shoulder considerably bruised, and the bones of his foot were broken. He was taken to the hospital and treated by two doctors; stayed there about four days and was then removed to his home, where his wife waited on him, and for about six weeks he was carried back and forth to the hospital by his sister, while being further treated. He was not able to work for about three months, and was not able to do the same character of work for sometime. He was earning $2.74 per day for the work he was doing when he was injured, but the switchman's job from which he had been laid off a few days before paid $6.16 for eight hours work. At the time of the trial he had gotten a job as switchman, but had not entirely recovered from his injuries, and stated that he still suffers; that his arms, shoulder and foot were always hurting him; that the pain had been constant, just aching all the time.

It was insisted by appellant that appellee was a mature man, experienced in railroading, was doing familiar work in the usual way, and on familiar ground. It does appear that appellee was thirty-eight years of age and had an experience of eighteen years of railroading. Some months before he had worked for two months as a section hand for the same road under Mr. Steele, though not at that

place. He said that he had never seen a car pushed ahead of a gasoline car before in making trips back and forth to and from work, and that he did not know it was dangerous. He had not been working at that place except on the day he was injured. He sued for $25,000 as damages, and the jury gave him $5,000. Motion for a new trial being made and overruled the defendant, now the plaintiff in error, appealed, and has assigned the following as errors:

"I. The trial court erred in overruling the second and third grounds of the motion for a new trial, which were as follows:

" 'Because there is no evidence to sustain the verdict.'

" 'Because the court erred in overruling the defendant's motion for a directed verdict. There was no affirmative evidence that the defendant was guilty of any negligence that proximately brought about the accident.' "

"II. The trial court erred in overruling the fourth and fifth grounds of the motion for a new trial, which were as follows:

" 'Because the verdict of the jury is excessive, being more than compensation for the injury sustained.'

" 'Because the verdict of the jury is excessive, evincing passion, prejudice and caprice on the part of the jury.' "

"III. The trial court erred in overruling the eighth ground of the motion for a new trial, which was as follows:

" 'The court erred in giving the following charge to the jury:

" 'If you find in favor of the plaintiff fix the amount of his recovery and the measure of it will be reasonable compensation for the injury, that he has sustained, considering in fixing that the character, extent and nature of it; any mental or physical pain he may have suffered on account of having been hurt; the value of any time that he lost—there is no evidence as to any doctors' bills—and let your verdict be for a reasonable sum.'

"This charge was erroneous because under the Federal Employers' Liability Act it was mandatory on the court to direct the jury to reduce the fair compensation to be allowed plaintiff in that proportion in which the plaintiff's negligence contributed to the total negligence. If the foreman of the car was under an obligation to watch out for the obstruction, equally so was the plaintiff who was on the front part of the car, and if he failed to do this, as he certainly did under the evidence, then he was guilty of contributory negligence, and it was the duty of the court to tell the jury that that negligence should be taken in consideration in the mitigation of damages in proportion to his contribution to the total negligence."

It is conceded that this action is brought under the act of Congress known as the Federal Employers' Liability Act, under which it is insisted that the Tennessee rule (other questions being out of the way) of affirming the judgment if there is any evidence to support it does not apply. But in the view we have taken of the case it will not be necessary to pass upon this question or the other assignments, as the case will have to be disposed of on the question made under the first assignment, that there is no evidence to support the verdict.

Had the action been predicated alone upon running into or onto the obstruction shown by the plaintiff in error to have caused it, and had it appeared that such obstruction might reasonably have been expected to be there, and its timely discovery prevented by the rate of speed and disadvantageous lookout, then some ground would have been afforded for the insistence that the verdict is supported by the evidence. But the obstruction shown by the proof to have caused the derailment is not the obstruction alleged in the declaration, which we have carefully examined to see if it covered and could be confined to that compass. We think it is impossible to confine it so to eliminate other concurring negligence, alleged but not proven. The declaration contains but one count, but a number of paragraphs which recur in their recitals, especially the last three, which limit and apply what had gone before. Had the declaration stopped and concluded with that portion preceding what is hereinafter quoted, and had the plaintiff contented himself with going to trial upon what was a very general statement in the word "obstruction," alleged as having been run into, such statement would have covered the small piece of brick brought out in defendant's proof as the cause of the accident, and there would have been proof to support the verdict and judgment. But after such general statement of obstruction there follows this conclusion:

"Plaintiff avers that the defendant had allowed its railroad track at the point where said track crossed the said Belt railroad track to become in a dangerous, defective and out of repair condition, in that the ties and rails were old, worn, weak, rotten and defective, and were not properly matched, fractured and secure, and said condition proximately contributed to and helped to cause the derailment of the car on which plaintiff was riding, and said condition was known to defendant, or could have been known to it by the exercise of ordinary care, but it was not known to the plaintiff and could not have been known to him by the exercise of ordinary care.

"Plaintiff avers that the flat car on which he was riding was old, worn, defective and dangerous in that the wheels and flanges thereon were rough, uneven, flattened and insufficient, and said condi-

tion was known to the defendant, or could have been known to it by the exercise of ordinary care, but was not known to the plaintiff and could not have been known to him by the exercise of ordinary care, and when said car, which was in the defective condition aforesaid, was pushed along said track at the crossing which was in the dangerous condition above set out, 'at a rapid, dangerous and reckless speed, by the foreman of the defendant, who was in charge of said cars but did not have them under full control, the car on which plaintiff was riding was, because of the dangerous and defective condition of the car on which he was riding and of the track at said crossing and of the reckless and negligent manner which said car was operated by the defendant, through its agent and servant, derailed, and plaintiff was thrown from the same, and injured, as above set out.''

Here it will be observed the declaration recurs to and picks up the narrative, and specifically combines and alleges all that is recited in the quotation as the proximate cause of the derailment and injury. These assignments, under a rule of construction, would preclude the piece of brick as being a cause, not being alleged in the declaration.

A litigant can, not allege one state of facts and recover upon another. Johnson v. Luckadoo, 12 Heisk., 270-275; E. Tenn. & Western N. C. R. R. Co. v. Collins, 85 Tenn. 277, 1 S. W. 883; E. Tenn. Coal Co. v. Daniel, 100 Tenn. 65, 42 S. W. 1062; E. Tenn. & Western N. C. R. R. Co. v. Walter C. Lindamood, 111 Tenn., 417, 78 S. W. 99.; Moore v. Fletcher, 145 Tenn. 97, 236 S. W. 924.

Where the declaration alleges that the injury was the result of negligence, and then recites the specific acts of negligence relied on, the court should confine its instructions to those acts, and it is error to charge the jury to find for the plaintiff if the defendant was guilty of negligence in any respect. So also it is error to refuse to instruct that no recovery can be had for negligent acts not covered by the pleadings.'' 29 Cyc., 648.

The specifications as to the condition of the track and the flat car were abandoned and unproven. The case falls within the rule which requires all the negligent acts alleged as concurring to produce the accident to be proven, and must fail for the want of proof of all.

The specific recitals above referred to offered also an explanation of what was meant in the use of the word ''obstructions'' in the unquoted part of the declaration. At any rate it is specifically alleged that:

    ''When said car, which was in the defective condition aforesaid, (i. e. old, worn, defective and dangerous, in that the wheels and flanges thereon were rough, uneven, flattened and

insufficent) was being pushed along said track at the crossing, which was in the dangerous condition above set out, (i. e., in that its ties and rails were old, worn, weak, rotten and defective, and were not properly matched, fractured and secure) at a rapid, dangerous and reckless speed by the foreman of the defendant, who was in charge of said cars, but did not have them under full control, the car on which plaintiff was riding was, (bold face ours) **because of the dangerous and defective condition of the car on which he was riding, and of the track at said crossing, and of the reckless and negligent manner which said car was operated by the defendant, through its agent and servant, derailed, and plaintiff was thrown from the same and injured as above set out, wherefore plaintiff sues,"** etc., etc.

This declaration, we think, so couples the defective condition of the car and track as concurring to produce the injury as made it necessary to prove them, and they did not become immaterial as insisted by the defendant in error. They became the concrete epitome and interpretation of all that had gone before, and nowhere else can it be said that the declaration alleged any unqualified negligence as producing the injury which did or could omit them.

The rule of pleading and proof under which plaintiff and defendant in error both contend on this issue, is stated in Thompson on Negligence, Vol. 6, Section 7474. In the first part of the section the rule which defendant in error thinks should control the disposition of this issue is stated as follows:

"Where plaintiff in an action for personal injuries states several distinct acts of negligence any one of which if proven would entitle him to recover, his action will not be defeated by a failure to prove all such acts, but he may recover on proof of enough to make a cause of action."

While not controverting the rule just quoted, the contention of the plaintiff in error is based on the following, taken, as stated, from the same section:

"But where the injury upon which the suit for damages is based is alleged to be the result of several acts of negligence, no one of which, however, is charged to have caused it alone, proof of a single one of the acts will not suffice."

The author cites as sustaining this latter rule Birmingham R. & Co. v. Baylor, 101 Ala., 488.

"Where in an action against a railroad by an employee for injuries resulting from a train running into an open switch, it is averred in a count of the complainant that the injuries were caused by the negligence of defendant's employees, who had charge of the switch, in failing to properly secure it, and

by the negligence of persons in defendant's employ who had charge of the train in failing to properly supply it with equipment for bringing it to a quick stop, by reason of which failures said switch did come open, such count contains but one cause of action, based upon the co-operating negligence of two classes of persons; and without the proof of negligence of both, there can be no recovery under the count."

He cites also the case of Wormsdorf v. Detroit City R. Co., 75 Mich. 472, the syllabus of which is as follows:

"Where in an action for negligence the accident and resulting injury are alleged as having been caused by several concurring negligent acts and omissions of the defendant, each element of negligence must be proved to warrant a recovery."

In the body of the opinion it is said:

"The negligence of the defendant was alleged to have consisted in neglecting to furnish proper and safe brakes and appliances for slacking the speed of cars in going down grade, or for stopping the car, and in wrongfully and negligently furnishing and providing a braking apparatus with a weak, cracked and defective connecting rod which was utterly inadequate, unsafe and positively dangerous to life and limb; that the rod was partly cracked and broken, and its situation and location under the car was open and exposed to view, and the defendant, by the exercise of ordinary care, could and would have known of the unsafe condition of said rod and braking apparatus, and did know thereof; and that in going over a bridge above the Michigan Central Railroad, and descending the grade thereon westward, the said connecting rod broke assunder, rendering the front brake useless, so that the driver was powerless to check the speed of the car. Also in neglecting to provide the car with a conductor to apply the rear brake and conduct and assist in the care of the passengers. Also in the neglect of the driver of the car in which the plaintiff was a passenger, which was going east, to stop and permit her to alight, but wrongfully and negligently accelerated the speed of its horses, so that the two cars came together with a crash." The court further said:

"The declaration contains but one count, and the accident and resulting injury are alleged as having been caused by the several concurring negligent acts of and omissions of defendant. Had the connecting rod not broken, although the horse was fractious, and although there was no conductor, and although the driver of the eastbound car did accelerate his speed, and did not stop and suffer the plaintiff to alight, the injury would not have been received by plaintiff. And so, if

either duty upon the violation of which negligence is predicated had been performed, the accident would not have happened, it was necessary to the plaintiff's case under the pleadings to establish by proof each element of negligence alleged.''

The first assignment of error is therefore sustained, and the suit dismissed at the cost of appellee.

Portrum and Thompson, JJ., concur.