## AMERICAN TRUST & BANKING CO. v. C. J. FAIRBANKS.

Eastern Section.    July 23, 1927.

Petition for Certiorari denied by Supreme Court, October 15, 1927.

1. **Pleading. Allegations in petition that the driver was operating the car at an excessive and dangerous rate of speed held not to show the action was rested on the statute.**
   In an action to recover for damages caused in an automobile collision where it was alleged that the driver was operating the car at an excessive and dangerous rate of speed, held that although this is a concurrent provision with the statute it does not show unmistakably a purpose to rest the action on the statute rather than common-law liability.

2. **Pleading. An inconsistent common-law count joined with a statutory count should be reached by demurrer.**
   Where an inconsistent common law and statutory ground were charged in common count the error is reached by demurrer. Duplicity is reached by demurrer and not by a motion to strike the evidence at the conclusion of the trial.

3. **Appeal and error. A general verdict is good on appeal if there is one count on which it can be based.**
   Where an action is brought in several counts and the verdict is general, held on appeal, the verdict will not be molested if one count is good for the appellate court has no way of knowing upon which count the jury reached the verdict.

4. **Appeal and error. Evidence. Admission of improper testimony is not reversible error where the fact is established by uncontradicted testimony.**
   In an action to recover damages sustained in an automobile collision where evidence was offered tending to show that the driver of one car fled and was chased several miles before he was caught held, that even if such evidence was inadmissible the error was immaterial because the negligence of defendant was established by uncontradicted testimony.

Appeal in Error from Circuit Court of Hamilton County; Hon. Oscar Yarnell, Judge.

Affirmed.

John W. Dineen and Cantrell, Meacham and Moon, of Chattanooga, for plaintiff in error.

Joe V. Williams and H. W. Schoolfield, of Chattanooga, for defendant in error.

PORTRUM, J.   The principal question presented upon this appeal involves the pleadings; there is little or no contention but that it is shown, by the uncontradicted evidence, that the defendant in the lower court, the American Trust and Banking Company, the plaintiff in error here, was guilty of negligence when its driver, in an attempt to run its truck around the car of C. J. Fairbanks, the plaintiff below, in time to avoid a collision with an approaching car, struck the car of Fairbanks, knocked it and its passengers, Mr. Fairbanks, a young lady, and two boys, off of the road, causing the injury sued for, to Mr. Fairbanks and his car.   The jury found in favor of the plaintiff and assessed the damage at $1500 for personal injuries, and $24.10, for property damage.

There are three counts in the declaration.   They are long, and contained in several pages of the transcript.   It is impracticable to set them out verbatim.   One paragraph of the first count is quoted:

"At the point where said highway makes a curve near the plant of the DeCamp Glass Casket Company, and after the plaintiff had turned into said curve he was on the right or south side of said road, in the usual and proper place, and was driving at a reasonable and lawful rate of speed, and using due care and caution for the safety of himself and his car.   The defendant's said truck at said time and place was negligently and carelessly so operated; that the driver of the same attempted to pass plaintiff's car, in the face of the fact that there was not sufficient space in which to do this, because of the fact that there was a car approaching from the opposite direction, and not having sufficient space to pass between plaintiff's car and the approaching car, the driver of the said truck drove the same into the side of the plaintiff's car, as the direct and proximate result of which the plaintiff's automobile was knocked or thrown from the said highway.   At said time the defendant's agent and servant in charge of the said truck was operating the same at a dangerous and excessive rate of speed, to-wit: more than 30 miles an hour, and because thereof, and the other negligent acts aforesaid on the part of said driver, the collision between said truck and plaintiff's car was brought about."

It is insisted that this is a statutory and not a common-law count, since the pleader included therein the allegation that the car was operated at a dangerous and excessive rate of speed, to-wit: more than thirty miles an hour.   The statute makes it a misdemeanor to operate a car at a greater rate of speed than thirty miles an hour. At the conclusion of the hearing of the evidence in the lower court, the defendant moved the court to strike out all the proof tending to show a common-law liability, and since there was no proof that the car was operated in excess of thirty miles an hour, to direct the verdict. The court declined to do this.   The court was not in error.

The allegation that the driver was operating the car at an excessive and dangerous rate of speed is a concurrent provision with the statute, and does not show unmistakably a purpose to rest the action on the statute.

"We should add, however, that from the principle that the statute and the common law are concurrent, insofar as the statute provides 'every railway company shall keep an engineer, fireman, or some other person upon the locomotive, always on the lookout ahead, and when any animal or other obstruction appears, the alarm whistle shall be sounded, the brakes put down, and every possible means employed to stop the train and prevent an accident,' it follows that a count framed under the provisions quoted may go further and also include averments of additional common-law negligence, and the count should then be treated as one wholly under the common law." Railroad v. Crews, 118 Tenn., 66, 99 S. W., 368.

The reason given is that the excessive speed in the one instance, and the lookout ahead in the other, are common-law requirements, and, therefore, the statutory allegation may be included in a common-law count because it is not inconsistent.

This distinction is well-established in the Crews case and reaffirmed in the case of Middle Tennessee Railway Co. v. McMillan, 134 Tenn., 498, 184 S. W., 20.

It was the duty of the pleader in the lower court to demur to the declaration if an inconsistent common-law and statutory ground were charged in a count. Duplicity is reached by demurrer and not by a motion to strike the evidence at the conclusion of the trial. It may then be said:

"The party went to trial upon the declaration as it stood, treating it as stating a good statutory cause of action and a good common-law cause of action, also." And it is then too late to make question. Middle Tennessee Railroad Company v. McMillan, supra.

Counsel say this is a new question in Tennessee; if so, it is because the pleaders demurred for duplicity, and the parties corrected their pleadings in the lower court, and this is all the more reason why a demurrer should be required at the outset.

## II.

There is a second count in the declaration which is a statutory count, charging a violation of sections of Shannon's Code 1600 to 1607, inclusive. The matter complained of is:

"Every driver or person having charge of any vehicle, on any turnpike or macadamized road, or any public road of this State, on meeting and passing another vehicle shall give one-half of the road by turning to the right, so as not to interfere in passing.

"When vehicles on said roads are traveling in the same direction, and the driver of the hindmost desires to pass the foremost, each driver shall give one-half the road, the foremost by turning to the right, and the hindmost to the left."

It is a misdemeanor to violate this statute. The evidence clearly shows the defendant violated the statute, notwithstanding counsel argue that the plaintiff's Chevrolet car ran into the truck. The point is, the plaintiff at the time of the collision was at a place he had a right to be, or the defendant's car was at a place it had no right to be. Since the verdict can rest upon this count, and the court has no way of knowing upon which count the jury rested the verdict, then the court is without authority to reverse the verdict, notwithstanding the first count may be a defective count. Tennessee Central Railroad Co. v. H. E. Umenstetter, Admr., 291 S. W., 452.

## III.

At the time of the accident the negro driver speeded up his truck and ran away. A party coming up gave chase to the driver, running him two or more miles before catching him, at a rate of more than forty miles an hour. Upon the trial of the case the plaintiff proved these facts over the objection of the defendant, and it is claimed this was reversible error. The purpose of the evidence was to show that the driver was conscious of his guilt, and it was not introduced as a part of the res gestae.

The same purpose is met when it is shown the criminal runs away. Henry v. State, 11 Humph., 224. It is said the negro may have run away for fear; and it is true the criminal may run for the same reason. Either, or both, can rebut the unfavorable presumption. But we conclude the evidence, if error, was immaterial, because the negligence of the defendant was established by uncontradicted testimony. Certainly, it does not affirmatively appear that the evidence was prejudicial to the defendant, in that it influenced the jury in fixing the amount of damage. If the jury fixed an amount that is not excessive, then the evidence could not have affected the verdict, either upon the ground of liability or the amount of damages.

It is assigned as error that the verdict is excessive. There is such evidence establishing the fact that the plaintiff's injury caused the recurrence of tuberculosis, which was in a quiescent condition at the time of the injury. We think the verdict of $1500 is not excessive considering these facts, and we are bound by the holding of the jury to conclude he was suffering from tuberculosis.

The special request in reference to the loss of time of the plaintiff is not affirmative error for the reason that the amount of the verdict is warranted as damages for personal injury, excluding loss of time.

And the next assignment,· that the court erred ·because he did not instruct the jury that there was no presumption against the defendant because its colored driver did not testify. This was not error. The driver was a material witness, under the control of the defend-·ant, and there was a presumption against the defendant, and the court would not have been in error had he so charged. Standard Oil Company v. State, 117 Tenn., 632; 100 S. W., 705; Western Union Telegraph Company v. Lamb, 140 Tenn., 111, 203 S. W., 752.

There is no error in the judgment of the lower court and it is affirmed at the cost of the plaintiff in error and its bondsman.

Snodgrass and Thompson, J.J., concur.