C. F. KEMP, et al., Plaintiff in Error, v. BUD CARUTHERS and WILL LESTER, Defendants in Error.

Middle Section. February 17, 1930.

Petition for Certiorari denied by Supreme Court, June 28, 1930.

McGugin & Evans, of Nashville, for plaintiffs in error.
Walter S. Faulkner, of Lebanon, for defendants in error.

DeWITT, J. C. F. Kemp and Hartford Accident and Indemnity Company have appealed in error from judgments rendered against them jointly in these cases, which were tried together, in favor of Bud Caruthers for $1000, and in favor of William Lester for $1500. The actions were instituted and tried in Wilson County for damages for personal injuries sustained by Caruthers and Lester in a collision between a Ford car in which they were riding and a Graham truck owned and operated by Kemp, which collision occurred about three miles west of Lebanon, in Wilson County, in April, 1928.

The defendant Kemp owned and operated the truck as a public carrier of freight between the cities of Lebanon and Nashville.

The claim of right of joint action against Kemp and the Company is based upon a policy of liability insurance issued by the Company upon the truck, containing the following recitals:

"The automobile described above is and will be "principally used, maintained and garaged in the city and town (and its vicinity) of Lebanon, Tennessee. The described automobile is and will be used for Public Truckman."

To this policy the following was attached as a rider:

"ENDORSEMENT.
"COVERING FREIGHT CARRYING VEHICLES, EXCLUDING CARGO, UNDER CHAPTER 729, PRIVATE ACTS OF 1925—TENNESSEE.

"The policy to which this endorsement is attached is written under and pursuant to the provisions of Chapter 729, Private Acts of 1925, of the General Assembly of the State of Tennessee and is payable to the State of Tennessee for the benefit of any person who may suffer bodily injury and/or property damage as defined in the policy, resulting from any negligence of the assured, his agents or employees, for which liability is imposed by law upon the assured, in the operation of the automobiles mentioned and described in the statements of the policy, in and/or about the city or cities herein named, to-wit:

"AS STATED IN POLICY

"For the carriage of property for hire, subject, in any event to the limits of liability set forth in policy.

"The Company agrees to pay any final judgment rendered against the assured for bodily injury and/or property damage as aforesaid, within the said limits of liability and agrees further that any person sustaining such personal injury and/or property damage shall have the right to institute suit jointly in the court of Tennessee against the assured and the Company."

As this truck was actually operated as a public carrier between Nashville and Lebanon, the rider was intended, among other things, as a compliance with the requirements of Chapter 729 of the Private Acts of 1925, that in all counties having a population of more than 110,000 any operator of such vehicle as a public carrier must obtain a license from the County Court Clerk and, as a condition thereof, file with him a bond, or insurance policy which shall be for the benefit of the public, binding the principal and insurer to make compensation, within limits named, to make compensation for injuries to persons and loss of or damage to property resulting from the neglient operation of such vehicle, and providing that any person injured, or whose property is damaged by such negligent operation of said vehicle, shall have the right to institute suit jointly in the courts of this State against the owner or operator of said vehicle and the obligor or insurer.

In behalf of the Accident and Indemnity Company it is insisted that under the construction given to said Chapter 729 by the trial court, it is unconstitutional as authorizing unreasonable discrimination between the operator of a truck running within a county embraced within the act and the operator of a smiliar truck in a county not so embraced, when the casualty occurs in either case in the latter county; in the one case there being a right of action against the insurance company and in the other case it is not being permissible to show that the owner or operator was insured against liability or loss. If this question were determinative or even material, this court would be devoid of jurisdiction over these causes,

Chapter 100, Acts of 1925. But we hold that the plaintiffs below had their rights of action jointly against Kemp and his insurer under the provisions of the policy itself, independently of any provisions of Chapter 729 of the Private Acts of 1925. The question of the constitutionality of the act is immaterial because it yields entirely to the provisions of the contract made by the parties.

Construing the original policy and the rider together, it is clear that the privity created between the person injured and the insurer is not limited to operation of the truck in Davidson County, and that the provisions are broad enough to include liability for injuries occurring in Wilson County. These injuries in contemplation are expressly defined as those occurring in or about the City of Lebanon; and the insurer expressly "agrees further that any person sustaining such personal injury or property damage shall have the right to institute suit jointly in the court of Tennessee against the assured and the company." The policy is a contract of insurance against liability, not merely against loss. The contract is one which the parties had a right to make, although it may be an unusual one in its provision for right of direct action by the person injured in person or property against the insurer. There is no consideration of public policy forbidding the making of such a contract. 36 C. J., 1130, 1132, and cases cited. In U. S. F. & G. Co. v. Allen, Admr., 158 Tenn., 504, 14 S. W. (2d), 724, a joint action against the insured and the insurer was sustained under the right given by said Chapter 729 of the Private Acts of 1925; and such joint action is equally sustainable under the plain provisions of the contract.

The jury resolved the conflicts in the evidence in favor of the plaintiffs, and the duty of the appellate court is confined to determining whether or not the verdicts were based upon material and substantial evidence to support the averments of the declarations.

The plaintiffs, Will Lester and Bud Caruthers, reputable colored men, were riding in the Ford car of Lester (who was father-in-law of Caruthers) along the highway westward, so that the north side of the highway was the side on which they should be driving. Both of them testified that at the time of the collision they were on that side going in low gear at a rate of about ten miles an hour, as it was about two-thirds of the way up a long hill and their car would not go fast up the hill. The defendant Kemp testified that when he visited the place after the accident there was broken glass on the right side going westward and some other glass that had been swept over on that side. This glass had been swept over there by Tatum, the driver of the truck, and a negro who was with him. Lester and Caruthers testified that the truck was coming down the hill toward them very fast, at a rate of thirty miles an hour or faster; that it struck their car when it was on the north, or right-hand side, of

the highway. This evidence alone would support the verdicts of the jury. It is insisted, however, that certain physical facts shown are in such complete contradiction to this evidence as to destroy its probative value. The defendants contended that the plaintiffs' car came over on the left-hand side and ran into the truck. They offered evidence to show that tracks made by the truck led from a point on the south side west of the place of collision continuously further on the south side until then went off the highway toward the place where the truck stopped by a barn. But there was also evidence that about twenty feet or more west of the point of collision the tracks stopped; and the jury was left free to infer that from this point a different course was taken by the truck. We think, therefore, that the probative value of the testimony of the plaintiffs, corroborated by the fact of the presence on the north side of shattered glass that had not been swept over there, was not destroyed by other physical facts testified to in behalf of the defendants.

It is insisted that the circuit judge erred in overruling a demurrer challenging the declarations as insufficient in their recitals to set forth a cause of action, and as containing no averment that the alleged negligence was the proximate cause of the injuries.

In the first count of each declaration it is averred that "plaintiff, a citizen was traveling on the public highway commonly known as the Lebanon-Nashville turnpike, in Wilson County, on his way from Lebanon to his home, riding in a Ford car slowly and lawfully going up what is known as Geer's Hill, about three miles west of Lebanon, well on the right side of the road, leaving quite a sufficient space to his left for the passage of other vehicles on said highway, when the defendant by and through his regularly employed driver, negligently, recklessly and wantonly drove said insured truck into the car of the plaintiff with such force and violence as to completely demolish said car, throwing the plaintiff therefrom, crushing, wounding and bruising the plaintiff and seriously cutting him on the head and other portions of his body, seriously injuring him in his leg and hip and back, etc."

In the second count of each declaration the same language is used, except that it is charged that the defendant's servant drove the truck at a rate of speed far in excess of thirty miles an hour, and in violation of law. At the close of each declaration are the following averments:

"The injuries sustained to the plaintiff were without any fault on his part, due altogether to the wanton, and unlawful negligence and recklessness of the defendant."

It is insisted that in these declarations the charge that the acts of the defendant were done "carelessly, wilfully and negligently and unlawfully" is but the averment of a legal conclusion and subjects

the declaration to fatal objection in the absence of averment of fact or facts showing and demonstrating the carelessness, wilfulness, negligence or unlawfulness.

In support of this contention the plaintiffs in error relied upon the rule that a mere averment that defendant wrongfully and negligently injured the plaintiff, without stating the facts constituting the negligence, is bad on demurrer. They rely upon two Tennessee decisions in support of their contention. These are as follows:

Cotton Oil Co. v. Shamblin, 101 Tenn., 263, 47 S. W., 496. In that case the declaration merely averred that "the defendant wrongfully and negligently killed David L. Shamblin."

Cumberland, etc., Co. v. Cook, 103 Tenn., 729, 55 S. W., 152. In that case the declaration charged the Telephone Company with negligence in setting its pole "carelessly, wrongfully, negligently and unlawfully erected near the right of way of the Harpeth Turnpike," without averring more specifically that it was so erected as to endanger public travel along the highway.

In those declarations the actual causes of the injuries were not set forth. The declarations in these causes are not subject to such objection. They are to be classed with the declarations involved in Railroad v. Pratt, 85 Tenn., 9, 1 S. W., 618; Chattanooga Rapid Transit Co. v. Walton, 105 Tenn., 415, 58 S. W. 737; and Railroad v. Davis, 104 Tenn., 442, 58 S. W., 296. In each of those cases it was held that a declaration in an action for personal injuries is not bad on demurrer as too vague and indefinite, which avers that the defendant did wrongfully, carelessly and negligently run its engine and cars upon, over and against the plaintiff. The averments in the instant cases are as aforesaid, that "the defendant by and through his regularly employed driver negligently, recklessly and wantonly drove said insured truck into the car of the plaintiff," etc. Such averments are different and much more definite than the averments in the Cook and Shamblin cases, supra. They show an act negligently performed which resulted in injury to the plaintiff. They present a clear case of proximate negligence on the part of the defendant and disclose a good cause of action for the plaintiff. It is morally certain that the plaintiff would not have been injured but for that negligence. Beopple v. Railroad, 104 Tenn., 420, 426, 58 S. W., 231.

Furthermore, as aforesaid, each declaration closes with the averment that the injuries were due altogether to the wanton, and unlawful negligence and recklessness of the defendant. We hold that the declarations were not bad because they did not actually embody the words "proximate cause."

It is insisted that the trial judge, erred in setting forth to the jury the doctrine of the last clear chance; that the last clear chance doc-

trine had no place in these lawsuits. The point is made that as the declarations alleged specifically in both counts that the plaintiffs were traveling "well on the right side of the road, leaving quite a sufficient space to the left for the passage of other vehicles on said highway," the actions were based upon the charge that defendants' driver negligently drove to his left and on to the plaintiffs' side of the road, and this was inconsistent with a theory that·if the jury should believe that the plaintiffs' car was driven over on the defendants' side of the road and defendants' driver saw the danger in time to avoid it but did not do so, defendants would be liable. The rule is therefore involved that under a declaration averring specific acts of negligence as grounds for a recovery, the plaintiff cannot recover upon other grounds of negligence, nor does the admission of irrelevant evidence preclude the defendant from insisting upon such fatal variations. It should be stated here that in the course of the trial testimony was introduced by the defendants tending to show that the car of the plaintiffs was driven over on the south side of the road and toward the truck, and from this and other testimony it could be inferred by the jury that the defendants' driver saw this situation and the danger therefrom in time to avoid a collision, but because of his fast running or other negligence he failed to do so.

The case for the plaintiffs is unmistakably based, in either count of each declaration, upon the truck coming over on the wrong side of the road into the collision; and there is no averment that defendants' driver negligently failed to avoid a collision after he saw that the plaintiffs had placed·themselves in a position of peril.

Upon this subject the instructions given by the Circuit Judge were as follows:

"Now, in this connection, gentlemen of the jury, there is another doctrine which lawyers know of as the Last Clear Chance Doctrine.

"Now as to the Last Clear Chance Doctrine, gentlemen of the jury, that doctrine is this: that although plaintiffs in any case may have involved themselves in a dangerous situation by their own contributory negligence, however, if after having so involved themselves, and after having placed themselves in a position of danger a situation occurs where the defendant by the exercise of due care and diligence had time and opportunity to take measures whereby an accident might have been averted and avoided, and failed so to do, the plaintiffs not then contributing to the accident, a recovery might still be had. The plaintiffs in this case say that granting, for the sake of the argument, that they were on the wrong side of the road, and that they by their own negligence did involve themselves in a dangerous situation on this hill, the truck coming down upon them,

and that granting also, for the sake of the argument only, that the truck in question was properly driven, and driven without negligence, at a proper rate of speed, that their dangerous situation would have been and was actually observed by the driver of the truck when he was at such a distance from them as that he could have by the exercise of ordinary care and diligence brought the truck to a standstill by applying the brakes and thereby have averted and avoided the accident, which condition, of course, the defendants deny, and it becomes a question of fact for you to determine.

"But applying the Last Clear Chance Doctrine to the case of Lester, if you should find by the greater weight of the proof that even though Lester was driving on the south side of the road, encroaching on that portion of the road known by the rules of the road belonged to the truck, the law requires that each of two meeting cars must take to the right, and if you should find that although he was so negligent, and that he involved himself in this dangerous situation by his own negligence, that the defendant operating the truck, through his agents and servants, saw and apprehended his dangerous situation when at such a distance from him and at such a time that by the exercise of diligence he could have brought his truck to a stop, or could have otherwise avoided the accident, and that he failed to exercise ordinary care and diligence under the circumstances, and that the accident was the result of the defendant's truck driver's failure so to exercise due care and caution after having apprehended and comprehended the dangerous situation of the plaintiff, he would be entitled to recover."

The testimony was so conflicting that it is impossible to refer the verdict of the jury solely to the evidence tending to show the specific negligence averred in the declarations.

It is the general rule, applied many times in Tennessee decisions, that a plaintiff must recover, if at all, upon the negligence pleaded in his declaration; and instructions must limit the jury to consideration of the acts charged in the declaration. A plaintiff cannot set out in his declaration certain definite acts of negligence and allege them as the occasion of his injuries, and recover upon evidence of other and independent negligent acts or omissions. East Tenn. Coal Co. v. Daniel, 100 Tenn., 64, 42 S. W., 1062; Railroad v. Lindamood, 111 Tenn., 457, 78 S. W., 99; Moore and McFerren v. Fletcher, 145 Tenn., 97, 236 S. W., 924; Ry. v. Whitt, 5 Tenn. App., 468; Harrell v. Railroad, 5 Tenn. App., 471; Ry. v. Steelman, 7 Tenn. App., 658.

In Smith v. Fisher, Davidson law, decided October 14, 1929, opinion by Presiding Judge Faw, it was held by this court that it was error to instruct the jury that they could base a verdict in favor

of the plaintiff upon a finding that the defendant had been negligent in the matter of selection of a driver, when the declaration did not give the defendant any notice that the plaintiff would seek to hold the defendant liable upon such grounds.

In Tennessee Central Ry. Co. v. Hayes, 9 Tenn. App., 116, a judgment for plaintiff was reversed for error in instructing the jury as to failure of the Railway Company to maintain in a reasonable manner the street at a railroad crossing, when it was not an act of negligence charged in the declaration and was wholly outside the scope of the pleadings. And the want of pleading is not cured by failure to object to evidence showing acts of negligence not averred in the declaration. Coal Co. v. Daniel, supra.

"The propriety of an instruction is to be determined, not by whether it embodies a correct statement of the law upon a given state of facts, but whether it correctly states the law relevant to the issuable facts given in evidence on the trial." 38 Cyc., 1621, and cases cited.

It was therefore error to give to the jury these instructions upon the doctrine of Last Clear Chance, and the judgments must be reversed and the causes remanded for a new trial.

In stating to the jury the contentions of the parties the Circuit Judge said that the plaintiffs contended that the truck was overloaded and that overloading of the truck constituted a part of the reckless, wanton and negligent operation thereof averred in their declaration. He stated that the defendants contended that the truck was not overloaded, that although it was rated as a two-ton truck it was so constructed that it would carry and safely carry under ordinary circumstances a load of 9000 pounds, which it was admitted it was carrying at that time; that trucks of that sort are so built and the mechanism thereof is so constructed that they will carry and are expected to carry such loads as this truck on this occasion was carrying. The Circuit Judge did not charge the jury that they could base a verdict for the plaintiffs upon overloading of the truck as a ground of liability; but he was merely stating to the jury this contention by the plaintiffs and the denial thereof as part of the issues of fact upon the question of negligence. In other words, as there was testimony tending to show that the truck was overloaded and testimony in denial thereof, the Circuit Judge was manifestly setting forth these contentions bearing upon the issue as to negligent operation—the theory being that if the truck was overloaded it might be more difficult to operate carefully and safely and under such circumstances an additional degree of care and prudence might be required on the part of the driver. As stated, it was not charged in the declaration that the truck was overloaded; but this was a fact which could be proven under the issue as to negligent operation.

In the second count of each declaration it was charged that the truck was operated at an unlawful rate of speed and unreasonably fast. We do not think that it was error so to refer to the matter of overloading in stating the contentions made by the respective parties.

It is insisted that it was error to submit to the jury the question of liability on account of violating the speed law.

In the second count in each declaration it was averred that the driver went to the wrong side of the road, that he violated the speed law and that defendant Kemp knowingly selected and employed a reckless and wanton driver. It is said that this was an erroneous joinder of a statutory cause of action and a common-law cause of action in the same count.

The rule is that a plaintiff may sue upon common law and statutory grounds of action in the same proceeding, but he must do so in separate counts in his declaration where the common law and statutory law are not concurrent in their operation. Cochran v. Pavise, 1 Hig., 13.

The provisions of the statute prescribing an unlawful rate of speed were not inconsistent with the common law, and therefore a declaration charging common-law negligence and negligence in violation of this statute is not bad for duplicity. Railroad v. Crews, 118 Tenn., 52, 99 S. W., 368; Railroad Co. v. McMillan, 134 Tenn., 490, 184 S. W., 20; American Trust & Banking Co. v. Fairbanks, 5 Tenn. App., 296.

For the reasons given, all of the assignments of error are overruled excepting those involving the instructions as to the rule of last clear chance, which are sustained. The judgment in each case is reversed, the verdict set aside, and the causes will be remanded to the circuit court of Wilson County for a new trial in accordance with the principles set forth in this opinion. The costs of the appeal will be adjudged against the defendants in error.

Faw, P. J., and Crownover, J., concur.