Mrs. Lilly Schrader *v.* Kentucky-Tennessee Light & Power Co.*

(*Jackson.*    April Term, 1928.)

Opinion filed, July 16, 1928.

1. **FINDING OF FACTS.  CONCLUSIONS OF LAW.  STATUTE BINDING ON APPELLATE COURT.**

The finding of facts of the Trial Judge, made and filed pursuant to statute, is binding upon the appellate court as to the facts of the case, if thereby any proof to support the facts so found; but that conclusion of law upon the ultimate and determinative facts set forth in the finding of the Trial Judge are open for review. (Post, p. 395.)

Citing: Shannon's Code, sec. 4684; Hinton v. Ins. Co., 110 Tenn., 113; Martin v. McCrary, 115 Tenn., 316; Buford v. Railroad, 146 Tenn., 262.

2. **SUPREME COURT.  COURT OF APPEALS.  REVIEW.  JURISDICTION.**

The revisory jurisdiction of the Supreme Court of the judgments of the Court of Civil Appeals does not permit that the Supreme Court should try a case anew, but it is the duty of that Court to ascertain if there are any errors in the action of the Court of Appeals and to correct such errors.   (Post, p. 395.)

Citing: Acts 1925, ch. 100; Heggie v. Hayes, 141 Tenn., 219.

3. **FINDING OF FACT.  COMPLIANCE WITH STATUTE.**

A written finding of fact signed and fixed by a trial judge, and made a part of the record by an appropriate minute entry is a compliance with the provisions of the statute.   (Post, p. 396.)

Citing: Shannon's Code, sec. 4684; Insurance Co. v. Witherspoon, 127 Tenn., 363.

4. **NEGLIGENCE.  ORDINARY CARE.  HOLE IN STREET.  FINDING OF FACT.  PLEADINGS.**

Where it appears that a light company has dug a hole, between the curb and the sidewalk on a public street, for the purpose of

setting a pole, that said hole, which had been dug some days, was covered with boards and dirt thrown over them, that the owner of the boards had removed them and notified the light company of such removal on the day before an accident, that an employee of the light company had placed loose boards over the hole, that the next morning about 7:00 o'clock it was found that one or more of the boards had been removed so that the hole was uncovered, that he thereupon stripped the boards together, placed them over the hole and placed a weight to hold the covering in place, and the proof fails to show anything further with reference to the condition of the hole from then until the time of an accident about six o'clock after dark the same day, the facts do not justify a finding by the trial judge "that the defendant exercised ordinary care to make the hole safe at the time it was last covered, and was not guilty of negligence in this particular,"—where the declaration charged "Permitted, at the time the accident occurred, the said hole to be uncovered, without guard or enclosure, and also without light or signal or other precaution to give warning of the danger to which the public was exposed, with the result that plaintiff fell into the said hole and had her right lower limb seriously and permanently injured," and defendant pleaded not guilty. (Post, p. 399.)

5. NEGLIGENCE. STREETS. ORDINARY CARE.

While defendant was only obligated to exercise ordinary care to precent injury resulting from the hole it had dug, it is manifest that with knowledge of the uncovering of the hole by a third person on the day preceding the accident, and also that at about 7:00 A. M. on the following day (the day of the accident) the covering was again off, defendant did not exercise, under these circumstances, ordinary care by again covering the hole in the insecure manner shown, and from 7:00 A. M. to 6:00 P. M., a period of eleven hours, failing to make any further effort to ascertain if the covering last placed still remained and was affording reasonable protection against the danger which defendant had made not merely possible but probable, in view of the recent occurrences of which it then had notice. (Post, p. 400.)

Citing: McHarge v. Newcomer, 117 Tenn., 595; Turnpike Co. v. English, 139 Tenn., 634.

**6. NEGLIGENCE.    CAUSES.    PLAINTIFF.    DEFENDANT. THIRD PERSONS.**

"The better rule is that where there were two causes which proximately contributed to the injury, for only one of which the defendant was responsible, and with the other of which neither he nor the plaintiff was chargeable, still the defendant must be held to answer for the injury inflicted." (Post, p. 401.)

Citing: Turnpike Co. v. English, 139 Tenn., 634.

---

*Headnotes 1. Appeal and Error, 4 C. J., sections 2537, 2853; 2. Electricity, 20 C. J., section 38; 3. ————; 4. Electricity, 20 C. J., section 52.

---

### FROM HENRY.

---

Appeal from the Circuit Court of Henry County.— HON. W. W. BOND, Judge.

DUDLEY PORTER, for plaintiff in error.

LEWIS & RHODES, for defendant in error.

MR. JUSTICE TIMBERLAKE, Special Judge, delivered the opinion of the Court.

In this case a petition for *certiorari* to review the judgment of the Court of Appeals (affirming the judgment of the Circuit Court of Henry County) was granted, and the case removed to this Court and set down for oral argument, which has been had.

It appears from the record that petitioner, Mrs. Lilly Schrader, sued the respondent, Kentucky-Tennessee Light & Power Company, a corporation, in the Circuit Court for Henry County for ten thousand dollars in an action of damage. Plaintiff's cause of action, as averred in her declaration, was in substance stated to be, because of personal injuries which she sustained on November

5, 1926, by reason of her falling into a round hole eighteen inches in width or diameter and five feet in depth, which defendant had caused to be dug between the sidewalk and curb on the north side of Blythe Street, near the Cigar Factory, in Paris, Tennessee.

The following language appears in the declaration, viz.:

"Plaintiff avers that, at the time the said accident occurred, she did not know that said hole had been dug, and that the darkness prevented her from seeing the said hole.

"Plaintiff avers that the defendant, its officers, agents and employees were negligent in that they permitted, at the time the accident occurred, the said hole to be uncovered, without guard or enclosure, and also without light or signal or other precaution to give warning of the danger to which the public was exposed, with the result that plaintiff fell into the said hole and had her right lower limb seriously and permanently injured.

"Plaintiff avers that the accident occurred without fault or negligence on her part.

"Plaintiff avers that the negligence of the defendant was gross and wanton, and was the direct and proximate cause of the accident that resulted in plaintiff's injury."

Defendant filed two pleas, viz.: First, the general issue of not guilty; and, second, a plea of plaintiff's contributory negligence, upon which issue was joined by plaintiff.

By consent of the parties the case was tried before the Circuit Judge without the intervention of a jury upon the issues joined between the plaintiff and defendant; with the result, that the court, finding such issues in favor of the defendant and against the plaintiff, ren-

dered a judgment in accordance, giving to defendant a recovery against plaintiff for costs. Plaintiff's motion for a new trial was seasonably made and overruled, and she thereupon prayed and was granted an appeal to the Court of Appeals, which court overruled her assignments of error and affirmed the judgment of the Circuit Court.

In response to a request for finding of facts, the Circuit Judge on the day judgment was by him entered, filed such written finding and ordered the same made a part of the record. It also appears that a bill of exceptions was seasonably tendered and duly signed, filed and made a part of the record, whereby all of the evidence heard upon the trial was preserved. The Court of Appeals adopted the findings of the circuit judge both as to law and fact, with one exception, which related to an immaterial circumstance as to who gave notice to defendant that certain boards covering the hole had been removed by Scates. The record affirmatively shows that Dinwiddie and not Scates gave the notice, and as properly held by the Court of Appeals it was immaterial as to the source of defendant's information.

(1)  It is well settled, in this State, that the finding of the trial judge (made and filed pursuant to request therefor as provided by statute, Shannon's Code, sec. 4684) is binding upon the appellate court as to the facts of the case, if there be any proof to support the facts so found; but that conclusions of law upon the ultimate and determinative facts set forth in the finding of the trial judge are open for review. *Hinton* v. *Ins. Co.,* 110 Tenn., 113; *Martin* v. *McCrary,* 115 Tenn., 316; *Buford* v. *Railroad,* 146 Tenn., 262.

(2)  In the case of *Heggie* v. *Hayes,* 141 Tenn., 219, opinion by Mr. Justice GREEN, it was said by this Court, viz.:

"Our revisory jurisdiction of the judgments of the Court of Civil Appeals does not permit that we should try a case anew. We are not to go over the entire record and decide it as a new controversy. It is our duty to ascertain if there are any errors in the action of the Court of Civil Appeals and to correct such errors."

The case of *Heggis* v. *Hayes, supra,* was decided prior to the passage of Chapter 100, Public Acts of 1925, reorganizing the appellate court system of this State, under which the trial of the case at bar was heard and determined by the Court of Appeals; but there is nothing in said statute to cause a modification of the statement above copied from the opinion of this court in that case.

*(3)* Since the Court of Appeals, upon the finding of the Circuit Judge, has reached the same conclusion of law, that the Circuit Judge announced, as to the non-liability of defendant, upon the ultimate and determinative facts, we deem it proper to set out in this opinion the entire finding of the Circuit Judge, which, as copied in the record, is as follows, to-wit:

"Mrs. Lily Schrader )
                     )
        v.           )
                     )
Kentucky-Tennessee )
Light & Power Co. )

"In response to request for finding of facts, the Court finds as follows:

"That the plaintiff while walking from the concrete sidewalk on the North side of Blythe Street in the City of Paris, fell into a hole which was about midway between said sidewalk and the curb or gutter, being about the center of the grass plot between sidewalk and curb.

"The injury occurred on Nov. 5, 1926, about six o'clock in the afternoon, it being dark at the time, that the plaintiff left the sidewalk and crossed the grass plot to enter an automobile parked close to the curb, and which she desired to enter to drive for her boarding house.

"That the hole had been dug by the defendant some three or four weeks prior to the accident, and was dug for one of its poles, the defendant at the time being engaged in constructing or repairing its line of wires, and was close to a pole of the defendant which had been there for sometime, and the inference was that a new pole was to be placed for use instead of the old pole.

"The plaintiff suffered injuries to her hip and knee. The injury to the hip was slight consisting mainly of bruises, while the injury to the knee was more severe. The soft parts of the knee were injured, and as a result it became necessary to place the same in a cast, which remained several weeks. She was confined to her bed for about a month, and forced to use two crutches for about four months, and used one crutch for still another month; that she has not been able to do regular work since the date of the injury, and still feels and suffers pain from the injury.

"When the hole was first dug the defendant covered the same by placing planks or boards over it, on which dirt was placed, and this cover there remained until the day before the accident when the boards were removed by Scates, to whom they belonged.

"Scates was not employed by defendant. That upon removing them he notified the defendant and one of its agents went to the place and covered the hole by placing several loose boards over it. That on the next morning about seven this same agent or employee returned to

the place and found one or more of the boards had been removed from the hole so that it was uncovered; that he thereupon stripped three planks or boards together and placed them over the hole, and placed a rock or concrete block to hold the covering in the place.

"The proof fails to show anything further with reference to the condition of the hole, whether covered or uncovered, until the time of the accident, which as above stated occurred on the same day and in the evening of the same day that the hole was last covered.

"The defendant had a right to dig the hole in question to be used for constructing its line.

"The Court finds and is of the opinion that the defendant exercised ordinary care to make the hole safe at the time it was last covered, and was not guilty of negligence in this particular.

"The Court further finds that after this, the boards or planks were evidently removed by some third party, without the knowledge of the defendant sometime during the day of the accident, but as above stated the proof fails to show when they were removed, or how long the hole was exposed after to the time of the accident. At the time of the accident there was a plank on either side of the hole, and the middle plank covering the same had been removed. The plaintiff didn't know about the hole, and didn't see it at the time she stepped into it. She had a right to leave the sidewalk and cross the grass plot to enter the waiting car. The proof failing to show that the defendant had notice of the hole being open or exposed, or that it had been open for a sufficient length of time to give the defendant constructive notice of this condition, and the defendant having exercised ordinary care in covering the hole on the morning before the ac-

cident, the Court is of the opinion and finds that the plaintiff is not entitled to recover.

"W. W. Bond, Judge.

"Filed July 15, 1927.

"I. H. Dale, Clerk."

The entry made upon the minutes of the court on July 15, 1927, contains the following recitation, to-wit:

"This cause was regularly heard, by the Court, by consent of the parties, without the intervention of a jury, upon the issues joined, and upon consideration thereof the Court finds such issues in favor of defendant and against the plaintiff and files a written findings of the facts, which is ordered filed as of this date, and that same is made a part of the record."

The recitations appearing in the minute entry and in the written finding filed, which is signed by the circuit judge, show a compliance with the provisions of the statute, Shannon's Code, Section 4684. *Ins. Co. v. Witherspoon,* 127 Tenn., 363.

*(4)* Petitioner by numerous assignments of error has challenged the action and judgment of the Court of Appeals. Her contention in this Court, briefly stated, is, viz.: that the ultimate and determinative facts found by the Circuit Judge and recited in his written finding, as filed, do not justify the opinion and conclusion announced, "that the defendant exercised ordinary care to make the hole safe at the time it was last covered and was not guilty of negligence in this particular." But she insists that the contrary is shown, and that upon a proper application of the law to the ultimate and determinative facts, as found by the Circuit Judge, actionable negligence, on the part of defendant proximately contributing to the injuries she sustained, is established.

We are of opinion that this contention and insistence of petitioner is sound, and that the Court of Appeals was in error in not sustaining the assignments of error of plaintiff in error which challenged in that court the erroneous legal conclusions of the Circuit Judge.

(5) Both the Circuit Judge and the Court of Appeals apparently failed to correctly interpret the charge of negligence set forth in the declaration, which has been quoted in this opinion. Having created a situation of potential danger, to those lawfully using the grass plot, by its causing the hole to be dug, defendant was under the continuing duty to exercise ordinary care to prevent injury therefrom to all persons rightfully using the public street at that point; and defendant cannot relieve itself from the obligations which the law imposed, nor can it escape liability for the natural consequences flowing from its own branch of duty, by merely showing; that it had the lawful right to dig the hole in question; that it had in the first instance and even subsequently' placed a covering over the hole; that the last covering so placed had been removed by some unknown means; and that it had no notice of such removal of the covering in time to have enabled it to provide necessary protection against the danger which the uncovered hole then caused to exist.

The act of negligence charged as a predicate for recovery, was that defendant had "permitted, at the time the accident occurred, the said hole to be uncovered, without guard or enclosure, and also without light or signal or other precaution to give warning of the danger to which the public was exposed, with the result that plaintiff fell into the said hole and had her right lower limb seriously and permanently injured." To this

charge of negligence defendant pleaded not guilty. The issue, thus presented, should have been, under the ultimate and determinative facts above shown, adjudged to be found in favor of plaintiff and against the defendant.

While defendant was only obligated to exercise ordinary care to prevent injury resulting from the hole it had dug; it is manifest, we think, that with knowledge of the uncovering of the hole by a third person on the day preceding the accident, and also that at about 7:00 A. M. of the following day (the day of the accident) the covering was again off, defendant did not exercise, under these circumstances, ordinary care by again covering the hole in the insecure manner shown, and from 7:00 A. M. to 6:00 P. M. a period of eleven hours, failing to make any further effort to ascertain if the covering last placed still remained and was affording reasonable protection against the danger which defendant had made not merely, possible, but probable, in view of the recent occurrences of which it then had notice.

*(6)* Ordinary care was the degree of diligence required of defendant, and which it was required to exercise in the performance of its continuing duty relative to caring for the situation it had created. But the conduct of defendant, whether represented by action or inaction, must be viewed and measured in the light of all the surrounding facts and circumstances shown by the proof in this case, which proof is undisputed in its material and determinative aspects. What may be adjudged to be ordinary care in one case may be held to be negligence under different surroundings and circumstances.

We do not mean to declare any fixed rule to be used in every case as a standard for measuring the conduct of one, who causes a hole to be dug in a public street;

but we do find in the instant case that defendant failed to exercise ordinary care to prevent injury resulting from the hole it had dug, and that the injuries sued for in this case, which plaintiff sustained without fault on her part, were brought about and occasioned by defendant's negligence operating as a proximate contributing cause. That some person other than defendant may have been guilty of negligence, in removing the covering from the hole, cannot absolve defendant from liability for injuries which its own neglect of duty proximately caused plaintiff to sustain. *McHarge* v. *Newcomer,* 117 Tenn., 595; *Turnpike Co.* v. *English,* 139 Tenn., 634.

In the case of *Turnpike Co.* v. *English, supra,* this Court, after reviewing the authorities, in an opinion by Chief Justice NEIL, said viz.:

"The better rule is that where there were two causes which proximately contributed to the injury, for only one of which the defendant was responsible, and with the other of which neither he nor the plaintiff was chargeable, still the defendant must be held to answer for the injury inflicted."

It therefore results that the judgments of the Court of Appeals and the Circuit Court are each and both reversed and the case remanded to the Circuit Court of Henry County for a new trial. The defendant in error and respondent, Kentucky-Tennessee Light & Power Company will pay all the cost incident to the appeal in error to the Court of Appeals and to the removal by *certiorari* to this Court.