232 P.2d 140

**DOWNING v. DILLARD et al.**

No. 5378.

Supreme Court of New Mexico.

May 28, 1951.

G. T. Watts, Roswell, for appellants.

Allan D. Walker, Alamogordo, for appellee.

Shipley & Shipley, Alamogordo, for J. W. Robinson, proposed third-party defendant, appearing in trial court only.

McGHEE, Justice.

Two trucks owned respectively by Robinson and Durbin collided on a public highway west of Roswell, New Mexico, while traveling in opposite directions, seriously injuring the plaintiff, Downing, who was then riding as a guest with Robinson.

The trial court found the collision was due to each truck having exceedingly bright lights, which were not dimmed as they approached each other, and each being operated too near the center of the highway, and rendered judgment in favor of Downing against Durbin and Dillard, the driver of Durbin's truck for $7,500.

The defendants, by permission of the court, filed a third-party complaint against Robinson, alleging the Robinson truck approached the Durbin truck traveling at a high and excessive rate of speed, and that it was being operated recklessly upon the highway in total disregard of the rights and safety of others traveling the highway; that Robinson failed to dim its lights and was driving on the wrong side of the highway; and that such acts were the sole and proximate cause of the collision and injury to the plaintiff. Defendants asked if the plaintiff recovered anything against them, that they have judgment over against Robinson. Motion by Robinson to strike the third-party complaint for failure to state a cause of action was filed and argued, whereupon the defendants and third-party plaintiffs asked leave to amend their complaint, adding that such acts of Robinson contributed to the collision and resulting injury. Objection was made by the third-party defendants on the ground such complaint would still fail to state a cause of action against them. The trial court agreed the objection was well taken and announced the motion to strike would be sustained.

The defendants denied liability but proceeded in part on the theory that, if they were liable, they and Robinson were joint tortfeasors, and they were entitled to contribution and should be allowed to make Robinson a third-party defendant under Rules of Civil Procedure, Rule 14 (a) 1941 Comp. § 19–101.

Absent our guest statute, Sec. 68–1001, 1941 Compilation, the owners and operators of the two trucks would have been liable to the plaintiff for the injuries inflicted upon him as a result of concurring ordinary negligence, and it would have been a typical case for the bringing in of the third-party defendant. As Downing was a guest of Robinson, a different rule applies to the latter, for he could be held liable only if the accident was intentional

on his part or caused by the operation of his truck in heedlessness or reckless disregard of the rights of others; while, as above stated, Dillard and Durbin are liable for the injury caused in part by their ordinary negligence. Patterson v. Tomlinson, Tex.Civ.App., 118 S.W.2d 645 (Writ of Error denied), and Mitchell v. Gooch, Tex.Civ.App., 210 S.W.2d 834.

The application to amend was made before the trial court had ruled on the motion to strike, and while the proposed amendment stated the acts of Robinson contributed to the collision and resulting injury instead of stating they were a proximately contributing cause (and the proof would have to establish such fact), we think under our liberal rules of pleading the amendment should have been allowed and the motion to strike denied. Permission had been granted for the filing of the third-party complaint and the court apparently sustained the motion to strike on the sole ground the complaint, as it was proposed to be amended, failed to state a cause of action. We disagree with the decision of the trial court in this respect and hold such action was error.

The defendants, Dillard and Durbin, say there is no substantial evidence to support the finding of negligence on their part. The evidence as to the lights and the point on the road where the accident occurred is in direct conflict. The defendants say they dimmed their lights but Robinson refused to dim the lights on his truck; they also say they were on the right hand side of the road and that the Robinson truck was over the center line in their driving lane. Robinson and Downing testify in direct opposition, saying the Durbin truck failed to dim its exceedingly bright lights, and was on the wrong side of the road. The trial judge saw and heard the witnesses who testified in the case, and the findings of negligence on the part of such defendants are supported by substantial evidence and we will not disturb them or the judgment granted the plaintiff against Dillard and Durbin.

Whether the third-party plaintiffs, Dillard and Durbin, are able to establish the allegations of negligence in the amended third-party complaint so as to make a case where Robinson would have been liable to Downing under the guest statute, Sec. 68–1001, 1941 Compilation, and that such negligence was a proximately contributing cause of the collision and injury to Downing will depend upon the evidence introduced at a subsequent trial.

The judgment rendered in favor of Downing against Dillard and Durbin will be affirmed, but that part striking the third-party complaint, as attempted to be amended, will be reversed with instructions to vacate that part of the judgment striking such pleading, allow the amendment, and then party plaintiffs and Robinson to determine

proceed with the cause between the third-whether Robinson's acts comprise that degree of negligence which would subject him to liability under our guest statute, and to determine accordingly whether judgment will be rendered against Robinson as a joint tortfeasor and one required to make contribution under the law as herein announced.

It is so ordered.

LUJAN, C. J., and SADLER, COMPTON and COORS, JJ., concur.