256 P.2d 1065

**PRIMUS et al. v. CITY OF HOT SPRINGS.**

No. 5536.

Supreme Court of New Mexico.

May 8, 1953.

Jess R. Nelson, Truth or Consequences, for appellant.

Simms, Modrall, Seymour & Simms, James E. Sperling, George T. Harris, Jr., Albuquerque, for appellee.

McGHEE, Justice.

In this case the administrator sought damages for the death of Mary Primus McDaniel who left surviving her three infant children. ·Her death occurred when the automobile in which she was a passenger failed to stay within the traveled portion of a street while making a turn immediately prior to entering onto a portion of the street so narrow it is questionable whether two cars could meet and pass. On one side of the street there was a high bank, and on the other side was a sandy arroyo.

The car got too close to the arroyo and overturned, killing Mrs. McDaniel, as above stated.

At the conclusion of the plaintiff's case the defendant city moved for judgment on the following grounds:

1. The plaintiff had not made out a case of negligence on the part of the city.

2. There was a failure to offer proof that Primus was the administrator, and such fact was not pleaded.

3. It had not been shown the street in question was a dedicated street in the City of Hot Springs.

One of the attorneys for the plaintiff then stated the failure to offer proof as to the status of Primus was an oversight.

The other defendants, except Clayborn, the driver of the car, likewise moved to dismiss upon the same grounds.

The plaintiff then moved to reopen to prove the appointment and qualification of Primus as administrator, and to prove by plats the street in question (Pine) was a dedicated street in the City of Hot Springs. When asked if the defendants had any objection to such application, one of the .attorneys for the city replied only that he thought it was a very essential part of the plaintiff's case. The trial judge then made the statement that he found, as a matter of fact, the plaintiff had not made out a case of negligence against the city and the third party defendant Burns. The plaintiff again

moved for permission to reopen and present the two matters of proof above mentioned, however, the trial judge replied the case had been closed so far as the proof was concerned—to which the plaintiff duly excepted.

We will first dispose of the error assigned because of the failure of the trial court to allow the plaintiff to reopen to make this formal proof. We feel its action in this regard was a clear abuse of its discretion, and it must have been caused by a belief such proof would only encumber the record because of what it deemed a failure of proof.

It may not be amiss to here state the real plaintiffs were the three infants, and it was the duty of the trial court to see their interests were protected, and not to permit the case to be prejudiced by counsel overlooking the necessity for offering proof of the kind here involved. Haden v. Eaves, 1950, 55 N.M. 40, 226 P.2d 457. At any rate, the court erred in refusing to allow the reopening of the case for the purpose stated.

██ We will next turn to a consideration of the claim the trial court erred in sustaining the motion of the defendant city that the plaintiff had failed to make out a case of negligence against it.

We begin our consideration of this question mindful of the fact that at the stage of the case when the motion was made all testimony in favor of the plaintiff had to be considered as true, as well as all inferences favorable to him which could be drawn therefrom. Williams v. City of Hobbs, 1952, 56 N.M. 733, 249 P.2d 765; Paulos v. Janetakos, 1937, 41 N.M. 534, 72 P.2d 1; Davis & Carruth v. Valley Mercantile & Banking Co., 1928, 33 N.M. 295, 265 P. 35.

Briefly summarized, the facts which we feel required the trial court to deny the motion when made are:

The driver of the car in which decedent was riding was making his first trip over the street in question. The accident occurred just as it was turning light and it was most difficult to see. The road had rocks in it and was wider at each end than at the narrow place in the middle. There was a high, sandy hill, impregnated with rocks and boulders on one side of the street, and a sandy, unguarded arroyo on the other, wholly without warning signs. Two city policemen testified the street was dangerous to travel, and one said it was especially dangerous when the light was bad or one was not familiar with the condition of the road. Captain Tafoya of the state police, then stationed in Hot Springs, also testified to the dangerous condition of the road. One policeman testified he reported the dangerous condition to the Chief of Police of the city, and that barricades were put up by the city, but were taken down by someone unknown to him; that after such removal the barricades were

again erected at the street and were again taken down, but he did not know who put them up or took them down. It appears this erection and removal of the barricades went on for several weeks, and then the unfortunate accident occurred. It also appears there were no warning signs of any kind on the street to warn those having occasion to travel thereon. The pictures of the street where the accident occurred also lend support to the plaintiff's case.

This, we think, was sufficient to make out a prima facie case against the city for having a dangerous street and leaving it open to the public.

█ A municipal corporation is required to exercise ordinary care to maintain its streets in a reasonably safe condition for travel in the usual modes by day and night. 19 McQuillin, Municipal Corporations (3rd Ed.) Sec. 54.90.

█ A municipality which has full and complete charge of its streets (and they have such charge in New Mexico except over state highways) is liable in damages for injuries sustained in consequence of its failure to use reasonable care to keep them in a reasonably safe condition for travel. Annotation at 109 A.L.R. 605. See also, Williams v. City of Hobbs, 1952, 56 N.M. 733, 249 P.2d 765.

█ It is also the duty of a municipality to warn the public of street dangers, and such duty seems to be unquestioned. See annotations in 20 N.C.C.A. 749; 4 N.C. C.A.(N.S.) 400; 14 N.C.C.A.(N.S.) 724 for a collection of numerous cases on the general duty to post warnings or erect barriers. See also, 25 Am.Jur., Highways, Sec. 411 and 2 Shearman & Redfield on Negligence (Rev.Ed.) Sec. 356, the second paragraph of which reads:

"Where a rail or barrier is necessary for the proper security of travelers at places on the road which from their nature would be otherwise unsafe, the maintenance of which would have prevented the happening of the injury, it is negligence not to construct and properly maintain such barrier. * * *"

Where a barrier is erected at or near a place where a dangerous condition exists, and it is torn down, the party upon whom the duty is cast of erecting the barrier (in this case the city) will not be liable to the person injured, unless it appears that he had actual knowledge of the destruction of such barriers, or that the same had been down for a sufficient length of time that a person in the exercise of ordinary care should have discovered their destruction or removal, and the question of reasonable diligence in discovering the absence of the barrier is a question for the fact finder. Rathbone v. Fort Pitt Bridge Works, 1937, 118 W.Va. 479, 191 S.E. 578, and cases therein cited.

■ Although the city may have erected a barrier which was torn down by unauthorized persons, if this tearing down continued it was under duty to make proper inspection and replace the barrier. Schrader v. Kentucky-Tennessee Light & Power Co., 1928, 157 Tenn. 391, 8 S.W.2d 495, 62 A.L.R. 495, and annotation following. See also, 19 McQuillin, Municipal Corporations (3rd Ed.) Sec. 54.100.

■ It is immaterial to a recovery from the city, if it be found its negligence was a proximate contributing cause of the accident, that the driver of the car was also negligent. Downing v. Dillard, 1951, 55 N.M. 267, 232 P.2d 140.

■ The record convinces us the ends of justice demand that a new trial be had, and such is the direction of this Court. Haden v. Eaves, supra.

The judgment will be reversed with instructions to vacate the findings of fact, set aside the judgment and grant the plaintiff a new trial. The plaintiff will recover the costs of his appeal.

It is so ordered.

SADLER, C. J., and COMPTON and COORS, JJ., concur.

LUJAN, Justice (dissenting).

A careful and exhaustive examination of the record convinces me that the plaintiff failed to establish any causal connection between the defendant's, City of Hot Springs, alleged negligence and the injury and subsequent death of the deceased. Since proximate cause cannot be presumed from the mere happening of the accident, but like any other essential element, must be established in some manner, either by direct or circumstantial evidence, and since the plaintiff wholly failed to meet the essential requirements, the trial court properly dismissed plaintiff's complaint. Transgard v. Atchison, T. & S. F. R. Co., 24 N.M. 569, 175 P. 280; Navajo Live Stock & Trading Co. v. Gallup State Bank, 26 N.M. 153, 189 P. 1108; Heron v. Gaylor, 46 N.M. 230, 126 P.2d 295; Pentecost v. Hudson, 57 N.M. 7, 252 P.2d 511; In re Miller's Estate, 300 Mich. 703, 2 N.W.2d 888.

The general doctrine is fundamental, that in an action to recover damages resulting from the alleged negligence of another, the plaintiff has the burden of proving by a preponderance of the evidence that his injuries were in fact caused by the negligent act of the defendant, and this burden is not sustained merely by proving that an injury occurred or an accident happened.

I think the complaint should be dismissed. The majority are of a contrary view, for the reasons given, I dissent.