392 P.2d 567

**J. H. WELCH & SON CONTRACTING CO., a corporation, Appellant,**

**v.**

**Wille J. GARDNER and Paul N. Gardner, Appellees.**

**No. 7182.**

Supreme Court of Arizona,

In Division.

May 27, 1964.

———◆———

Cavanagh & O'Connor, Phoenix, for appellant.

Wallace O. Tanner, Phoenix, for appellees.

BERNSTEIN, Justice.

This is an automobile accident case. Paul N. Gardner and Wille J. Gardner, his wife, appellees herein, brought an action against J. H. Welch & Son Contracting Co., appellant, to recover damages for personal injuries sustained by Mrs. Gardner as a result of the alleged negligence of appellant. The jury returned a verdict for appellees. This appeal is from the order denying appellant's motion for judgment notwithstanding the verdict and, in the alternative, for a new trial.

On Monday, May 20, 1957, appellant had commenced installing a fire sprinkler system in the area of 19th Avenue and Moreland Street in the City of Phoenix, Arizona. An excavation was made and the dirt was piled on the north side of it. Barricades were taken to the job site the day work started. When work ceased on Monday evening two barricades were placed immediately to the north of the dirt obstruction which extended half way across the street on 19th Avenue. These barricades were about 3 feet high and 3 to 3½ feet wide. Each barricade had a flashing amber light on it. A similar barricade and light was placed 150 to 200 feet north of the obstruction, and another was placed south of it. Wooden horse barricades were placed on the east and west side of the obstruction. When taken to the job site, the barricades were almost new and the lights and batteries were in good working order. At 4:00 P.M. on Wednesday, the day of the accident, the barricades were still where they had originally been placed and appeared to be in good working order.

Mrs. Gardner testified that she was driving with her daughter in her car south on 19th Avenue at about 8:00 P.M. There was a car approaching from the south as she passed Moreland Street, and another car behind her. She testified she was

travelling twenty-five to thirty miles per hour, and that she observed the obstruction in front of her, but could not turn left because of the approaching car, and could not turn right because the car behind her had commenced passing on her right. She applied her brakes and skidded into the dirt piled in front of the excavation, causing her serious injury.

Mrs. Gardner further testified that she saw no barricades or warning devices north of the pile of dirt. She was corroborated in this by the testimony of three witnesses, each of whom had driven past the excavation between 7:00 and 7:30 P.M. that evening.

The police officer who investigated found a barricade with blinking lights in the excavation, but found no standing barricades or lights north of the obstruction. From the skid marks he estimated the speed of Mrs. Gardner's automobile at about thirty-five miles per hour. He also stated the Gardner automobile did not appear to have hit a barricade. There was no other evidence that her car had struck a barricade.

Appellant assigns as error (1) that the trial judge instructed the jury that the alleged violation by the appellant of Phoenix Ordinance § 4010 requiring the maintenance of warning signs at excavations in the public streets by contractors would be negligence per se,[1] (2) that the trial judge refused to instruct the jury that state law (A.R.S. § 28–649) prohibits the unauthorized removal of official traffic signs and (3) that the judge refused an instruction that the appellee should have reduced speed because of the special hazard of the excavation (A.R.S. § 28–701).

In support of his first assignment appellant urges that the violation of the ordi-

---

1. The instruction was as follows: "You are instructed that ordinarily it is a question of fact for the jury to decide whether a particular conduct was negligent. Such is not the case, however, where a person violates a specific rule made by the Legislature or City Council to govern the kind of conduct in question. Where an individual or corporation excavating in a street or highway violates a statute or ordinance enacted for the safety of persons or property, such a violation is negligence as a matter of law. If such a violation is proven, it is your duty to find that conduct to be negligence regardless of any opinion you might have about it.

"It may become necessary for you to consider in your deliberations certain ordinances of the City of Phoenix which were in effect at the time of the accident in question and which controlled the marking of excavations and embankments in streets.

"I will read them as follows:

"Section 4010. Danger signals. Lights with red glass globes shall be conspicuously displayed and *maintained* during the time from sunset to sunrise wherever any excavation exists in or adjacent to any street. \* \* \*

"Should you find that any party to this suit violated any of the above laws, then that party would be guilty of negligence as a matter of law and you should not debate that issue further but should then consider the issue whether that negligence was a proximate cause of the injury." (Emphasis added.)

nance could not be negligence because the undisputed evidence was that the warning devices were properly in place within two and one-half to four hours before the collision. Appellant also contends that the use of amber lights instead of red, as the appellant would have done if its equipment had been properly in place is immaterial to the issue of this case.

As to the violation of the ordinance appellant makes no distinction between the separate issues of negligence per se and proximate cause. If the jury found appellant violated the ordinance it was negligence per se, and the jury was properly so instructed.

"Negligence per se results from the violation of specific requirements of law or ordinance. In establishing its existence, the jury need only find that the party committed the specific act prohibited, or omitted to do the specific act required by the statute or ordinance." Deering v. Carter, 92 Ariz. 329, 333, 376 P.2d 857, 860.

The violation of the ordinance might or might not have been the proximate cause of the accident. This also is a question for the jury under proper instruction and it is a separate issue. This distinction was made clear in the portion of the instruction quoted in the footnote and the rules governing the determination of the proximate cause of the accident were fully and cor-

rectly explained to the jury by the trial judge. It is well settled that a violation of a safety statute constitutes negligence per se, Deering v. Carter, supra. But after the jury finds such a violation, the question of the proximate cause of the accident remains to be answered, Mercer v. Vinson, 85 Ariz. 280, 336 P.2d 854.

The barricades originally installed by the contractor had flashing amber lights, and were of modern design. Their use was known to and approved by city officials. The ordinance, however, requires red colored globes. Appellant argues that this was the violation of the ordinance which the jury must have found. We do not read the instruction as permitting the jury to reach this erroneous conclusion. At the trial, appellees' case was based on the absence of any lights at all. The amber lights were referred to by appellant in showing the excellence of the barricades he had originally erected. We do not see how the jury could possibly have been misled into believing that the color of the lights which were not there had any significance.

On the issue of negligence in this case the trial judge's instruction was as follows: "You are instructed that the defendant, J. H. Welch & Son Contracting Company, cannot be held liable in this case unless plaintiffs establish by a preponderance of the evidence that (1) defendant J. H. Welch & Son Contracting Company failed to erect adequate barricades and warning devices,

or having done so, (2) the defendant J. H. Welch & Son had actual knowledge that its barricade had been knocked down and moved out of place in time to have remedied the situation, or (3) that the condition had existed for such a length of time that J. H. Welch & Son, in the exercise of ordinary care, should have discovered the situation in time to have taken reasonable steps to guard against foreseeable injury."

■ Appellant relies on the general rule that when a dangerous condition has been created on a highway, and precautions have been taken adequately to safeguard the public against the dangers arising therefrom, no liability is incurred by the contractor for an injury which may come as a result of the removal of such safeguard by a third person. Stockton Auto Co. v. Confer, 154 Cal. 402, 97 P. 881; Note, 62 A.L.R. 500. This rule, however, has long been subject to a qualification perhaps more important than the rule itself, and which governs this case. There is a duty, in proper circumstances, to take steps to see that the barriers and lights remain in place. In Beck v. Hood, 185 Pa. 32, 39 A. 842, 844, the court said:

'The defendants' third point asked the court to instruct the jury that, if the sidewalk had been poled or fenced off by the defendants on that evening before the happening of the accident, and the pole had been taken down without the defendants' knowledge by parties over whom they had no control, they were not liable for the accident. This instruction was properly refused. It would not be enough for a builder to fence off a part of the walk because it was in a dangerous condition, and then give it no more attention. He knows the probabilities of the removal of the barrier by mischievous or disorderly persons, and he should exercise reasonable care to see that it is in place. It might not be necessary to maintain a watchman at the spot during the night, but the builder should give some attention to this subject during the evening, and while the walks are actively occupied, in order to be sure that the lights and barriers he had provided to protect the public are in place, and are doing their work."

The same standard of care was imposed on the city itself in Myers v. City of Springfield, 112 Mass. 489, 491. There the court said:

"In case of a dangerous excavation in the sidewalk in one of the most crowded thoroughfares of a populous city, the throng of passengers might be so great and so continuous during the first half of the night, that the chance of disturbance of the barriers by accident or recklessness, or even by the wilful misconduct of mischievous persons, might be such as to require some

extra precaution on the part of the city authorities. It might be, under some circumstances, that the mere erection of a barrier, and then leaving it to itself without any oversight, or without having it occasionally visited, would not be all that was required by a reasonable regard for the safety of travelers."

In Crawford v. Wilson & B. Mfg. Co., 8 Misc. 48, 28 N.Y.S. 514, affirmed without opinion 144 N.Y. 708, 39 N.E. 857, a boy fell into a hole lawfully dug in the sidewalk by a contractor and originally and properly barricaded with barrels and planks. As in the case before us, it was claimed—though there was no direct evidence—that vandals had pushed the planks and barrels into the hole shortly before the boy fell in. The court held that the question of whether there was negligence on the part of the contractor was one of fact for the jury, and the defendant was bound to exercise care to see that the barricades were kept up all the time.

Other cases supporting the view that a contractor making an excavation in city streets is under a duty to *maintain* as well as to erect barriers and lights include Schrader v. Kentucky-Tennessee Light & Power Co., 157 Tenn. 391, 8 S.W.2d 495, 62 A.L.R. 495; Primus v. City of Hot Springs, 57 N.M. 190, 256 P.2d 1065; Walsh v. City of Pittsburgh, 379 Pa. 229, 108 A.2d 769; Williams v. Wise, 255 Ala. 322, 51

So.2d 1; Fletcher v. City of Aberdeen, 54 Wash.2d 174, 338 P.2d 743; Smith v. Village of Pleasantville, Just.Ct., 20 N.Y.S.2d 594.

█ There was evidence that appellant employed an inspector to check on his jobs in the evening, and to see that barricades and lights were properly in place. On the evening of this accident the evidence showed that this inspector had been delayed at another job which he inspected earlier. Under this evidence it was proper to submit the case to the jury.

█ The Phoenix ordinance § 4010 imposes on contractors making excavations in streets the duty to *maintain* as well as to install the required barricades for the protection of the public. The ordinance is not complied with by installing even the best of warning devices, and waiting for actual notice that they have been torn down. The obligation to maintain includes at least an obligation to foresee risks of removal, and to make such inspections and to take such action for the replacement of the barriers as a reasonable man would under the circumstances. Whether this duty was observed is a question for the jury. In Breedon v. White, 62 Ariz. 256, 156 P.2d 904, this court held that there was a duty upon a contractor to place a barricade across a detour which was no longer in use and which was blocked by a pile of black-top material. Since no barrier was ever erect-

**102**

ed, the court did not reach the maintenance problem involved in the present case. Certainly, however, especially where an ordinance so requires, the principle of Breedon may be extended to require maintenance as well as installation of barricades.

■ The trial court properly refused appellant's requested instruction based on A.R.S. § 28–649 prohibiting removal of official signs. This statute applies not only to signs erected by public officials but also to those erected by contractors pursuant to law or regulation. Its purpose, however, is to protect the signs, and not to exempt contractors from liabilities otherwise imposed by law. The duty to *maintain* barricades is imposed in part because of the likelihood that unauthorized persons may remove them. The general rule that there is no duty to anticipate crime has no application to the facts in this case. There is, as the cases cited herein point out, a duty to anticipate vandalism, and a specific statute protecting highway signs does not change this duty.

■ The appellant also requested an instruction that appellee was guilty of negligence per se in not reducing her speed because of the special hazard of the excavation, as required by A.R.S. § 28–701. On the facts of this case, however, the appellee did not know of the special hazard because the barricade and lights were not up. The instruction was properly refused.

Wolfe v. Ornelas, 84 Ariz. 115, 324 P.2d 999; Reichardt v. Albert, 89 Ariz. 322, 361 P.2d 934.

The judgment is affirmed.

LOCKWOOD, V. C. J., and JENNINGS, J., concurring.